JOSIAH POWELL v. THE STATE.

1. A mere written statement by a justice of the peace, of a confession made before him by a person accused of an offense, cannot be read in evidence against the accused without proof of its genuineness.

2. Evidence that the accused was of a lower order of intellect than other members of his family was not, of itself, sufficient to impose upon the court the duty of charging the jury on the question of insanity.

3. After a conviction for murder, the counsel for the accused ascertained that a written statement of a confession which was read in evidence against the accused, did not, in fact, contain the entire confession made by him, and thereupon moved the court to grant a new trial on the ground of newly discovered evidence, and with the motion filed the affidavit of the officer before whom the confession was made, to the effect that the written statement did not contain the whole of the defendant's confession. *Held*, to be sufficient to entitle the defendant to a new trial, and the court below erred in refusing it.

APPEAL from Walker. Tried below before the Hon. J. R. Burnett.

The material facts of the case are sufficiently stated in the head-notes and opinion of the court.

*Benton Randolph*, for the appellant.

*Wm. Alexander, Attorney-General*, for the State.

WALKER, J. The judgment in this case must be reversed. The affidavit of M. H. Goddin, presiding justice of Walker county, shows that the appellant's confession, which was read in evidence against him, was not complete. All that the appellant said, whether immediately before or after saying what the justice wrote down as his confession, if it pertained to the subject matter of the killing, should have been included; and if he stated that the deceased struck him with a pine knot before he cut her, it was evidence to which he was entitled, if the balance of his statement was to be put in evidence against him.

　　But there is no part of this statement which was properly admitted in evidence against the accused.　　The mere docket entry of the justice, or a statement taken down in writing, is not competent evidence without proof of its genuineness; and here, although the justice was on the stand, it does not appear that he was asked any questions as to the genuineness of the paper.　　It does not state that he reduced the statement to writing, and that the paper produced contains a true copy of that statement.　　This paper was excepted to on the trial, and, without evidence verifying it, it should not have gone to the jury.

　　The court refusing to charge on the law of insanity was right and proper.　　There was no evidence offered, going to prove insanity; the only evidence which had any allusion to the mental capacity of the appellant, shows that it was of a lower order than that of other members of his family, but does not tend to prove insanity.　　The judgment of the District Court is reversed, and the cause remanded.

Reversed and remanded.