## Duy, Receiver, etc., *v.* Knowlton.[*]

*(Circuit Court, D. Indiana.* October 28, 1882.)

MARSHAL'S FEES.

Where the marshal is required to serve process in suits other than where the United States requires the service, he has a right to demand his fees in advance of the service to be performed.

*Claypool & Ketcham,* for plaintiff.

*Charles L. Holstein,* U. S. Atty., for the marshal.

GRESHAM, D. J. The usual process was issued in this case, directed to the marshal, commanding him to summon the defendant. The marshal refuses to serve the process until the proper fees are paid in advance or a deposit of money made for their security. A rule is

*Reported by Chas. H. McCarer, Asst. U. S. Atty.

asked against the marshal to show cause why he should not be punished for contempt for his refusal to serve the process.

In settling his accounts with the proper accounting officers of the treasury department, the marshal is charged with all fees earned by him, and from the amount thus earned he is allowed to retain for his personal compensation, over and above the necessary expenses of his office, including clerk hire and the amount allowed his deputies, any sum remaining, not exceeding $6,000. If any excess remains over and above the credits allowed by law, he is required to pay it into the treasury, whether the fees earned have been collected or not.

The marshal is therefore a public officer, charged with the duty of collecting funds for the United States, and when he is required to serve process (not in suits where the United States requires the service) he has a right to demand the payment of the proper fees in advance of the service performed. He need not wait and take the chances of collecting them on an execution. See Rev. St. 841 to 846, inclusive.