## In re THE ALLEGHENY.

### (District Court, D. New Jersey. December 30, 1897.)

MARSHAL'S FEES—CUSTODY OF VESSEL—PAYMENT.

Under Rev. St. § 857, providing that the fees of officers, except those to be paid out of the treasury, shall be recovered in like manner as the fees of state officers for like services, a marshal who has incurred large expenses in caring for and preserving a vessel in his custody is entitled to reimbursement thereof out of the proceeds of her sale in the registry, without awaiting the final decree in the cause.

This was a libel in rem against the steamship Allegheny. The case was heard on an application to set aside an order for payment, out of the proceeds in the registry, of the marshal's costs and expenses.

Curtis Tilton, for libelant John L. Mills.
J. Kearny Rice, for George Pfieffer, Jr.
Horace L. Cheyney, for petitioners Hardy P. Holt and others.
James J. Moeblin, for Hibbard Youngs and others.
A. S. Jackson, for Carroll T. Hobart and others.

KIRKPATRICK, District Judge. The steamship Allegheny was libeled in this court, and such proceedings had that she was sold by the marshal under decree on the 22d day of December, 1896. The steamer had been badly damaged by collision, in consequence of

which she had sunk, and in sinking been capsized. She had been raised from the bottom of Delaware Bay, and towed to Camden, in this district,-where she had with great difficulty been righted and floated. At the time she came into the custody of the marshal she was in such a damaged condition that she was with difficulty kept afloat. To prevent her from sinking and capsizing, the marshal was obliged to incur, and did incur, an expense which, because of the long time the vessel was in his care, amounted to a large sum of money. The bill of the marshal's costs and expenses was, after the sale, presented to the court for allowance, and it was agreed in open court by all the parties that the same should be paid at once, if, upon investigation, it was found that the services charged for had been actually rendered, and the prices for the same were fair and reasonable. The matter was referred to the clerk of the court to take testimony and report thereon. The clerk, by his report, finds that the services were rendered, and that the prices charged were fair and reasonable, and recommends their payment. These findings of fact seem to me to be warranted by the evidence. The report was confirmed, and the costs as taxed ordered paid to the marshal. The application now is to set the order aside as improvidently entered, upon the ground that no decree can be made for the payment of marshal's costs prior to the entering of final decree in the cause. By section 857 of the Revised Statutes of the United States it is provided "that the fees of officers, except those which are directed to be paid out of the treasury, shall be recovered in like manner as the fees of officers of states respectively for like services are recovered." For like services in the courts of the state of New Jersey, the sheriff would be entitled to his costs and disbursements when his service had been completed by a delivery of the property to the party who, as purchaser at the sale, was legally entitled to it. The sheriff retains his costs out of the proceeds of sale, and holds the balance awaiting the decree of the court directing distribution. The marshal is obliged to pay the whole proceeds of sale into the registry of the court, but the law requiring him to do so was not intended to delay him in the recovery of his costs. The marshal was the bailee of the property, and responsible for its safe delivery to the parties interested, and bound to answer in damages for loss sustained through his fault or neglect. Whatever he has necessarily or properly expended for its preservation, he is entitled to recover. His claim is a preferred one. Its priority is not disputed by any one. The money deposited in the registry does not bear interest, and there does not appear to be any reason why the marshal should be compelled to submit to this loss and await a final decree in the cause which may be indefinitely postponed, at the whim or pleasure of the litigants, before receiving the costs which he has lawfully incurred in preserving the property. The decree heretofore made will be modified by striking out the word "forthwith" which precedes the word "pay" in the direction to the clerk. In other respects it is affirmed, with directions that it be re-entered as of this date.