CLEMENTE APOLINAR V. THE STATE.

No. 6788.  Decided May 17, 1922.

Rehearing Denied November 15, 1922.

**1.—Murder—Attorney and Client—Postponement.**

The application for postponement to permit the attorney for the defendant to prepare the case for trial contained but conclusions, and should have contained the facts, to make it apparent that the attorney could not get the witnesses, etc.,

**2.—Same—Insanity—Non-Expert Witnesses—Opinion of Witness.**

Where defendant introduced evidence of insanity on his part during a number of years, there was no error in allowing the State to introduce testimony of witnesses who knew the defendant during these periods, and saw and talked with him at different times to the effect that in their opinion he was sane. Following Plummer v. State, 218 S. W. Rep., 499, and other cases.

**3.—Same—Insanity—Charge of Court—Judgment—Question of Fact.**

There is no force in the contention that defendant, having been adjudged a lunatic in 1916 and having escaped and having never been discharged as cured, he must still be regarded legally as of unsound mind, and that, therefore, the jury should have been peremptorily instructed to acquit on the ground of insanity. The question is one of fact for the jury and they are not controlled by another jury on evidence not then before the court.

**4.—Same—Bill of Exceptions—Practice on Appeal.**

Where this court is not apprised by bill of exceptions of any fact which would cause the court to know what the action of the trial court in reference to allowing a certain question was, it cannot consider the same.

**5.—Same—Evidence—Lunacy Commission.**

The law authorizing the trial of persons for lunacy by means of a physician's commission has been held unconstitutional, and there was, therefore, no error in the trial court's refusal to admit in evidence the report of the doctors who constituted the commission which declared defendant

insane in 1916; besides, the court allowed in evidence the judgment and order of commitment, based on the finding of such commission.

**6.—Same—Argument of Counsel—Practice in Trial Court.**

Where the court had inadvertently reprimanded counsel for the State for interrupting counsel for defendant, and upon discovery that he had acted erroneously directed the withdrawal of remarks made by either counsel in the presence of the jury there was no reversible error.

**7.—Same—Reading over Testimony to Jury—Rule Stated—Recalling Witness.**

Under Article 775, C. C. P., the jury have the right to have a witness recalled or his testimony reproduced whenever they disagree as to the statement of such witness, all of which is largely within the discretion of the court, and where there was no request from the jury for such reproduction there was no error in the court's refusal to have read over certain testimony to the jury.

**8.—Same—Charge of Court—Insanity—Requested Charge.**

Where the trial court submitted a full and proper charge on the law of insanity, there was no error in refusing a requested charge thereon.

**9.—Same—Newly Discovered Evidence—Affidavit of Third Party.**

Where defendant in his motion for a new trial set out certain newly discovered evidence, but the affidavit was made by a third party in support of the motion, and the matter was within the discretion of the court, there is no error in overruling same, under the facts in this record.

**10.—Same—Sufficiency of the Evidence—Insanity—Practice on Appeal—Death Penalty.**

Where, upon trial for murder, inflicting the death penalty, the record showed that the testimony of a number of witnesses who knew defendant, and for whom he had worked at various times, and who were comparatively familiar with his habits and disposition, and expressed their opinion under oath on the witness stand to the effect that he was not insane, and the jury thereby decided against his plea of insanity in connection with his plea of not guilty, this court cannot interpose the individual views of its members as to the correctness of the decision of a trial jury, and if the defendant be insane his remedy lies elsewhere.

**11.—Same—Rehearing—Sufficiency of the Evidence—Insanity.**

It is difficult for this court sometimes to confine itself to the legitimate duties of determining whether a fair and legal trial has been had, but in the instant case this court cannot say that the jury had no evidence to warrant their finding that defendant was sane, and the facts showing a brutal murder, the judgment must be affirmed. Distinguishing Kiernan v. State, 208 S. W. Rep., 518.

Appeal from the District Court of Bexar. Tried below before the Hon. W. W. Walling.

Appeal from a conviction of murder; penalty, death.

The opinion states the case.

*B. F. Patterson,* for appellant.—On question of newly discovered evidence: Schuessler v. State, 19 Texas Crim. App., 472; Roberts v. State, 150 id., 627; Webb v. State, 5 Texas Crim. App., 596.

On question of non-expert testimony, Plummer v. State, 218 S. W. Rep., 499.

*R. G. Storey*, Assistant Attorney General, *D. A. McAskill*, District Attorney, and *W. S. Anthony*, Assistant District Attorney.—Cited Barton v. State, 230 S. W. Rep., 989; Turner v. State, 133 id., 1052.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Bexar County of murder, and his punishment fixed at death.

There is no denial or attempted denial appearing in the record of the fact that appellant killed a boy of about thirteen years of age in a most fearful manner, crushing his skull with a rock, picking brains out of the head and putting rocks into the skull instead, gouging out the eyes of deceased and putting them in his pocket and carrying them away from the scene. The defense was insanity. It was shown that in 1907 appellant was adjudged insane, and again in 1909, and yet again in 1916 a commission of doctors declared him insane under a law authorizing such proceeding, which was held unconstitutional. It appears in the record that in 1917 appellant escaped from the South-western Insane Asylum at San Antonio and had been at large until the commission of this crime. Appellant had no means to employ counsel and because of it being a capital offense the trial court appointed an attorney to defend him, who seems to have ably discharged the duty thus devolving upon him.

Complaint is made of the fact that only six days elapsed from the appointment of said attorney until the day of trial, and that this was not a sufficient time in which to prepare the case for trial. We have carefully examined the application for postponement presented to the court and are of opinion that the reasons stated upon which such request was based were but conclusions, and that if time was necessary, some fact or facts should have been stated making it apparent that in the time allowed the appellant's attorney or others for him, they were unable to ascertain or learn of witnesses by whom facts pertinent could have been proven. Appellant introduced evidence of insanity on his part in 1907, 1909 and 1916, and there was no error in allowing the testimony of witnesses who knew him at these periods and saw and talked with him at different times to the effect that in their opinion or judgment appellant was sane. Kellum v. State, No. 6739, decided at this term; Plumber v. State, 86 Texas Crim. Rep., 487, 218 S. W. Rep., 499; Turner v. State, 61 Texas Crim. Rep., 97, 133 S. W. Rep., 1052.

There is no force in the contention that appellant having been adjudged a lunatic in 1916, and having escaped and having never been discharged as cured he must still be regarded legally as of unsound mind, and that, therefore, the jury should have been peremptorily instructed to acquit on the ground of insanity. In every criminal case where the consequence of the alleged criminal act is sought to be averted on the ground of insanity, the question as to whether such

condition exists must be by evidence either that there was lack of capacity to entertain the criminal intent at the time of the alleged commission of the offense, or that the accused was insane at the time of the trial. The question is one for determination by the jury trying the case and cannot be referred for its determination to a trial at some other time by another jury on evidence not then before the court. Barton v. State, 89 Texas Crim. Rep., 387, 230 S. W. Rep., 989; Kellum v. State, *supra*. We do not understand the civil cases cited by appellant to hold otherwise. Powell v. State, 37 Texas, 348, is cited by appellant but we are unable to find the case.

Objection to a question, as set forth in bill of exceptions No. 5, will not ordinarily present error in the absence of a showing as to what the answer of the witness would be, if permitted. We are not apprised in said bill of exceptions of any facts which would cause us to know that the action of the trial court in the matter complained of in reference to allowing said questions, was error.

Complaint is made of the refusal of the trial court to admit in evidence the report of the doctors who constituted the commission which declared appellant insane in 1916. The law authorizing the trial of persons for lunacy by means of such commission was held unconstitutional by the Supreme Court in White v. White, 196 S. W. Rep., 510, and, therefore, the judgment rendered in such proceeding was void. Barton v. State, *supra*. The trial court in his qualification to this bill of exceptions states, however, that he allowed in evidence the judgment and order of commitment based on the finding of said commission of physicians and only rejected the contents of their report. Appellant has no complaint. The trial court gave him more than he was entitled to. The report of said physicians would have been but hearsay.

During the argument the appellant's attorney urged acquittal on the ground of insanity, stating that the effect of such acquittal would be the confinement of appellant in a lunatic asylum without need for a further trial upon said question. The State's attorney combatted this proposition in his argument and was interrupted by the learned trial judge, whose reason assigned appears to have been that he was of opinion that the appellant's attorney was correct in his statement of the legal effect of such acquittal. Complaint is made of the fact that after the jury had retired to deliberate, they were brought back into court and that in their presence the trial judge stated to the State's attorney that upon investigation he had discovered that he was in error in his interruption of said attorney and in his stating to him as a reason for such interruption that said State's attorney was incorrectly quoting the law, and that he, the court, desired to withdraw his statements and let the argument of the State's attorney stand before the jury as made by him. We are unable to perceive any

error in this matter. We think the trial court had the right, upon discovery that he had erroneously reprimanded an attorney or directed the withdrawal of remarks made by either counsel, to later state to said counsel in the presence of the jury that his action in so doing was based on an erroneous conception of the law and that the court would withdraw such ruling..

We have carefully examined the complaint that is made of the refusal of the trial court to have read over to the jury after they retired and upon their request therefor, the testimony of the little brother of deceased who was with him at the time killing took place. There was no statement to the court of any disagreement on the part of the jury as to the testimony of said witness, nor was any reason assigned for the request except some sort of statement that some members of the jury did not hear the testimony. This seems also to apply to the testimony of a negro who visited the scene of the killing before the appellant left the body of deceased. It appears from an examination of Article 755 of our Code of Criminal Procedure that the right of the jury to have a witness recalled or his testimony reproduced, depends upon whether they have disagreed as to the statement of such witness. The matter would appear to be largely within the discretion of the trial court, and inasmuch as there was no statement to him that there had been any disagreement concerning the evidence of either of said witnesses, we do not think any abuse is shown of such discretion. We find nothing in the authorities cited by appellant's counsel which appears to support the view that any error was committed. The communications between the trial court and the jury in this regard appeared to be only directed to ascertaining just what the jury desired.

We have gone over the court's charge submitting to the jury the issue of insanity and have concluded that the same was full and fair, and that no error appears in the refusal of special charge No. 3. We think said charge does not present a correct announcement of the law.

Appellant sought a new trial, among other things, upon the ground of newly discovered evidence, same being shown to be the evidence of V. Garza and wife. The affidavit of J. D. Heard attached to said motion purports to set out what V. Garza and his wife would swear if they were present. We seriously doubt the efficacy of an affidavit made by a third party, in support of a motion for new trial attempting to set forth that still another party and his wife knew facts which might have bearing upon a material issue in the case, in the instant case the issue of insanity. The matter was addressed to the sound discretion of the trial court. If V. Garza and his wife should give the testimony set forth in the affidavit of Mr. Heard, it would only be of the fact that some time prior to the homicide they observed appellant burning some clothes and that he was frothing

at the mouth, and that in their opinion he was having a fit.    If a jury of disinterested citizens would refuse to believe the appellant insane upon the facts before them in evidence in the instant case showing that he had been previously found to be insane at three separate times, and showing that he had killed an innocent child whom he had never seen before in a horrible manner and that while so engaged in the commission of the act he was interrupted by the appearance of different men and that instead of showing fright and fleeing from the scene, he resisted and threatened to also attack and harm the men so interrupting; and the fact that he had slain this innocent child and gouged out his eyes and took one of them and showed it to a woman and asked her if it did not look like the eye of a dog, and further told her he had killed a damned bastard just now, and when she asked him why, he said that he had killed the father and brother of appellant at a time previous, and had been after appellant for a good while; we repeat that if the jury under these facts would decline to find this man insane, we do not believe the evidence set up as newly discovered would have had any effect to produce a different verdict.

There appears in the record the testimony of a number of witnesses who knew appellant and for whom he had worked at various times and who were comparatively familiar with his habits and disposition, who expressed their opinion under oath to the effect that he was not insane.    This court is not allowed to try cases according to the individual views of its members as to the correctness of the decision of a trial jury, and are only given the privilege of reversing the judgments of such juries when they appear to be without support in the testimony.    The framers of our statutes have so written the law as that one who has been convicted of a crime may not be called upon to suffer the consequence thereof if he be found in a condition of insanity.    While the evidence seems to strongly suggest insanity, still there is evidence in the record before us, if accepted by the jury, which supports the verdict in effect finding against such plea.    We feel sure that if the authorities be of the opinion prior to the execution of the sentence herein that for any reason the mind of the accused is so impaired as to bring him within the category of the insane, that the matter will be disposed of in accordance therewith .

Finding no error in the record calling for a reversal, the judgment of the trial court will be affirmed.

*Affirmed.*

ON REHEARING.

HAWKINS, JUDGE.—This case has given us much concern both upon the original submission as well as upon rehearing.    The facts appeal strongly to us as showing a killing committed by a maniac.

and each member of the court, if on the trial jury, would have been inclined to the opinion that appellant was insane. It is difficult sometimes to confine ourselves to the legitimate duty of determining whether a fair and legal trial was had. We cannot say the jury had no evidence in the instant case to warrant their finding that appellant was sane. There was a conflict in the testimony upon the issue and in this regard the case seems to be different from Kiernan's case, 84 Texas Crim. Rep., 500, 208 S. W. Rep., 518. Believing all the legal questions were correctly settled in our original opinion, we have reached the conclusion, though reluctant to do so, that duty requires the denial of the motion for rehearing. However, it occurs to us, as suggested in the last few lines of our original opinion, that this appellant ought not to be executed without a further inquiry into his present mental status. Further than this, propriety does not permit us to go.

The motion for rehearing is overruled.

*Overruled.*