**BREWER et al. v. UNITED STATES.**

No. 10896.

Circuit Court of Appeals, Ninth Circuit.

June 30, 1945.

Charles H. Young, of Phoenix, Ariz., for appellants.

Frank E. Flynn, U. S. Atty., of Phoenix, Ariz., for appellee.

Before GARRECHT, MATHEWS and STEPHENS, Circuit Judges.

GARRECHT, Circuit Judge.

Appellants were charged by indictment in the United States District Court for the District of Arizona, filed May 18, 1944, with the crime of breaking into a building used as a post office of the United States. On July 19, 1944, the appellants were arraigned, pleaded not guilty, and the trial was set for August 10, 1944.

On August 7, 1944, appellants filed a demurrer to the indictment upon the grounds that the indictment did not charge or state that the building broken into by appellants was used wholly as a post office of the United States. On August 7, 1944, the demurrer was heard and the court entered an order overruling the same. On August 9, 1944, the appellants filed a petition for writ of habeas corpus ad testificandum for the production of a material witness, Perry Tunnell, who was confined in the Guard House at the U. S. Gunnery School at Kingman, Arizona. The court ordered the production of the witness.

On the day of trial, the witness Perry Tunnell did not appear and the United States Marshal reported that he had not been paid the fees. The appellants then moved for a postponement of the trial, alleging that the witness was material, and asked for the summoning of the witness at

government expense. The court denied the motion for postponement of the trial and the application for production of the witness at government expense.

Thereupon, the case was heard by the jury. The appellants were found guilty, and from the judgment of conviction and sentence this appeal is taken.

The first assignment of error is that the indictment is insufficient for the reason that it does not charge an offense in the language of the statute.

The statute reads: "315. (Criminal Code, section 192.) Breaking into and entering post office. Whoever shall forcibly break into or attempt to break into any post office, or any building used in whole or in part as a post office, with intent to commit in such post office, or building, or part thereof, so used, any larceny or other depredation, shall be fined not more than $1,000 and imprisoned not more than five years." Title 18, U.S.C.A.

The indictment reads: . " * * * did wilfully, unlawfully, feloniously, forcibly and burglariously break into a certain building in the Town of Chloride, State and District of Arizona, which said building was then and there used as a post office of the United States * * * with the intent on the part of Morris Elton Brewer and Phelmon James Cordell then and there to commit larceny in that building * * *".

■ Under the statute the charge may relate to the breaking into a building used solely as a post office or the breaking into a building a part of which is used as a post office. The indictment in the instant case charges the breaking into a building used as a post office, which in the absence of qualifying words, means breaking into a building used in whole as a post office. The offense is described with reasonable certainty so that appellants are notified of the charge for which they are to be tried.

■ The appellants also assign error to the court's refusal to grant a continuance and to order the United States Marshal to serve the writ of habeas corpus ad testificandum with costs to be charged to the Government. Although this case was pending some time, no effort was made to secure the attendance of the witness until the day before the trial. This court cannot say there was an abuse of discretion which prejudiced the appellants' case.

Affirmed.