BREWER v. HUNTER, Warden.

No. 3478.

Circuit Court of Appeals, Tenth Circuit.

July 28, 1947.

Morris Elton Brewer in pro per.

Eugene W. Davis, Asst. U. S. Atty., of Topeka, Kan. (Randolph Carpenter, U. S. Atty., of Topeka, Kan., on the brief), for appellee.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

Petitioner was indicted, tried and convicted in the United States District Court for the District of Arizona for breaking into and entering a post office, in violation of 18 U.S.C.A. § 315. The judgment and sentence of three years was affirmed. Brewer v. United States, 9 Cir., 150 F.2d 314.

By this habeas corpus proceedings, petitioner now seeks release from further service of the Arizona judgment on the grounds (1) that he was deprived of his constitutional right to have the compulsory process of a witness, whose testimony was necessary to his defense, and (2) that the judgment is void because at the time of trial and imposition of sentence he was an adjudged insane person.

Prior to the proceedings in the sentencing court, petitioner had been convicted of burglary in California. While on parole from that conviction he committed

another burglary in Oklahoma and was sentenced to the Oklahoma State Penitentiary. Upon release from that institution, the California authorities demanded his return as a parole violator. Habeas corpus proceedings were filed in an effort to avoid extradition, and the order denying the writ was affirmed. Brewer v. Goff, 10 Cir., 138 F.2d 710.

Before extradition was completed, petitioner's mother filed proceedings in the Oklahoma County Court seeking to have him committed to a mental hospital as an insane person. A finding of insanity was made, and petitioner was committed to the Central Oklahoma State Hospital on November 29, 1943. According to the records of the Oklahoma County Court, petitioner has never been adjudged sane, but they disclose that he was paroled from the mental institution on February 17, 1944, before he committed the burglary offense in Arizona the following March 24.

On the day before his case was set for trial in the sentencing court, petitioner, acting through counsel of his own choice, requested a writ of habeas corpus ad testificandum for the purpose of obtaining a witness then confined in the Army Guard House at Kingman, Arizona. The writ was issued and returned the next day unserved by the United States Marshal, for the stated reason that " * * * no funds were tendered by the defendants, or by their counsel, for defraying expenses of service and were advised to wait until the following day, but on going to trial this date no money has been received. * * *"

The next morning when the case was called for trial petitioner requested that the witness be subpoenaed under Section 878, Revised Statutes, 28 U.S.C.A. § 656, which authorizes the issuance and service of process, and the payment of fees to witnesses called in behalf of an accused indigent, in the same manner that fees and costs are paid when witnesses are subpoenaed in behalf of the Government. A motion for postponement of the trial until the witness could be subpoenaed was denied and petitioner proceeded to trial.

■■■ The right to compulsory process under the 6th Amendment includes the is-

suance and service of process, but not the payment of the expenses of such witnesses by the Government. Wallace v. Hunter, 10 Cir., 149 F.2d 59; Casebeer v. Hudspeth, 10 Cir., 121 F.2d 914; Neufield v. United States, 73 App.D.C. 174, 118 F.2d 375. The Marshal had the right to demand such funds before service was made, Duy v. Knwolton, C.C., 14 F. 107 and his failure to make the service without the payment of the expenses did not constitute a denial of due process.

■■■ The motion to subpoena the witness under 28 U.S.C.A. § 656, was addressed to the sound discretion of the trial court. Goldsby v. United States, 160 U.S. 70, 16 S.Ct. 216, 40 L.Ed. 343; Crumpton v. United States 138 U.S. 361, 11 S.Ct. 355, 34 L.Ed. 958; Casebeer v. Hudspeth, 10 Cir., 121 F.2d 914. On appeal from the judgment the 9th Circuit held that there was no abuse of discretion in the denial of the motion. Brewer v. United States, 150 F.2d 314, 315. Furthermore, the ruling of the trial court on the motion cannot be questioned in habeas corpus proceedings. Fitzgerald v. Sanford, 5 Cir., 142 F.2d 445.

Although petitioner was represented by counsel throughout the entire proceedings in the sentencing court, the question of his sanity was never presented, nor is it now claimed that the trial court was advised of the sanity proceedings in the Oklahoma County Court, or that petitioner had previously been confined to a mental institution. When this habeas corpus proceedings was filed, a copy of the Oklahoma County Court's judgment, adjudging petitioner to be insane, was made a part of the petition for the writ. The question of his mental capacity at the time of his trial and sentence became an issue for the first time.

Relying upon the rule, well known to our jurisprudence, that a court is without jurisdiction to try or impose sentence upon one who is mentally incapable of distinguishing between right and wrong, the petitioner says that the judgment of the Oklahoma County Court established the factum of his insanity, which is presumed to continue until he is adjudged sane in a direct pro-

ceedings for that purpose—that all courts are bound to give full faith and credit to the judgment of the Oklahoma County Court. It is thus contended that the sentencing court was bound by the Oklahoma County Court judgment, and therefore lacked jurisdiction to try or to impose sentence, and the trial court also lacked jurisdiction to inquire into the factum of his sanity, but was required to issue the writ as a matter of law.

The respondent seems to take the position that the petitioner's sanity at the time of trial and sentence, was a factual question which did not go to the jurisdiction of the sentencing court and is therefore not open to inquiry in habeas corpus proceedings. Thus, both parties take the position here that the trial court did not have jurisdiction to inquire into the petitioner's sanity, but for altogether different reasons.

After a close analysis of all the decisions bearing upon the question, the trial court concluded in effect, that the question of petitioner's sanity at the time of his trial and sentence was open to inquiry. He permitted the petitioner to testify concerning his mental capacity at the time of his trial, conviction and sentence. He admitted in evidence the relevant records of the Oklahoma County Court, which included the judgment of the court finding petitioner insane and committing him to the mental institution, and the notice of parole from the institution. Based upon this evidence, the trial court concluded that the petitioner was not insane at the time of his trial and sentence, and discharged the writ. In so holding, the trial court gave weight to the presumption of continuing insanity which the judgment of the Oklahoma County Court carried, but was of the opinion that since the authorities of the mental institution where petitioner had been confined, had determined that his mental condition justified his release, it must be assumed that he could "distinguish right from wrong, form a criminal intent, or realize, when brought into court, the nature of the charge against him and the necessity of making a defense thereto."

It has been held, that insanity being a defense to a crime charged, based upon facts within the province of the trial court or jury, the question is not open to collateral inquiry in habeas corpus proceedings. Whitney v. Zerbst, 10 Cir., 62 F.2d 970; Fenton v. Aderhold, 5 Cir., 44 F.2d 787; Hall v. Johnston, 9 Cir., 86 F.2d 820. Other courts have announced the rule, but have been unwilling to rest their ultimate decision on the sole grounds that the question of sanity may not be raised by collateral attack. Srygley v. Sanford, 5 Cir., 148 F. 2d 264; Hall v. Johnston, 9 Cir., 103 F.2d 900; Frame v. Hudspeth, 10 Cir., 109 F.2d 356; McMahan v. Hunter, 10 Cir., 150 F.2d 498; Chase v. Hiatt, D.C., 54 F.Supp. 270. Still other courts have announced the forthright view that one's mental responsibility for an offense, for which he is tried and convicted, is a proper subject of inquiry in habeas corpus proceedings, and have proceeded to resolve that factual issue by the reception of collateral evidence touching the petitioner's mental capacity at the time of trial and conviction. Forthoffer v. Swope, 9 Cir., 103 F.2d 707; Ashley v. Pescor, 8 Cir., 147 F.2d 318. In each case, however, the courts have been careful to clothe the judgment of the sentencing court with the presumption of verity and correctness, and to place the heavy burden upon the petitioner to prove that at the time the sentence was imposed, he lacked the mental capacity to distinguish between right and wrong. The trial court here, followed the more liberal rule by conducting an inquiry and resolving the factual issue.

■ The judgment of the Oklahoma County Court committing petitioner to the mental institution is not an unimpeachable judgment in the sense that all other courts are bound to give it full faith and credit without inquiry into the facts which support it. The factual findings which it carries were not conclusively binding upon the trial court. Ex parte Gilbert, 71 Okl. Cr. 268, 111 P.2d 205; Cook v. State, Okl. Cr. 164 P.2d 652. See also Daly v. United States, 7 Cir., 33 F.2d 443; People v. McConnell, 80 Cal.App. 789, 252 P. 1068; Apolinar v. State, 92 Tex.Cr.R. 583, 244

344

S.W. 813; Yantis v. State, 95 Tex.Cr.R. 541, 255 S.W. 180. It has been held in Oklahoma that "an order entered in the County Court sending one to the state insane asylum for treatment is not proof of insanity, and that the order so made is not admissible in evidence where one is on trial, and the issue of insanity is involved." Cook v. State, supra [164 P.2d 653].

In support of his contention that the trial court was bound by the judgment of the Oklahoma County Court, adjudging him insane, the petitioner relies upon the reasoning in Ashley v. Pescor, supra, where the 8th Circuit ordered the petitioner released because he was an adjudged insane person at the time of trial and sentence, and there was no evidence tending to rebut the presumption of continuing insanity at the time sentence was imposed. The 8th Circuit recognized, however, that a presumption of insanity was a rebuttable one, which could be overcome by competent evidence. See also Whitney v. Zerbst, 10 Cir., 62 F.2d 970; Frame v. Hudspeth, 10 Cir., 109 F.2d 356.

The trial court accepted the reasoning in Ashley v. Pescor, but specifically found that the evidence of petitioner's release from the mental institution was competent and sufficient to overcome the presumption of his insanity at the time of trial and conviction, and resolved the factual issue against him.

We think the evidence of his release from the mental institution by authorities acquainted with, and responsible for his mental condition,[1] is certainly competent and sufficient evidence to overcome the prima facie evidence of his mental incapacity at the time of his trial and conviction. Bearing in mind that the test of one's mental responsibility for a criminal offense is whether he is capable of distinguishing between right and wrong at the time and with respect to the act committed, Stout v. State, 142 Tex.Cr.R. 537, 155 S.W. 2d 374; State v. Brown, 60 Wyo. 379, 151 P.2d 950; Gallagher v. State, Okl.Cr., 159

P.2d 562; Ex parte Gilbert, 71 Okl.Cr. 268, 111 P.2d 205, we hold the evidence sufficient to support the judgment of the trial court, and it is affirmed.

---

[1] 35 O.S.A. § 78, under which petitioner was released from the mental institution, provides: "The medical superintendent of the State Hospital for the insane may discharge any patient in the following cases: (1) A patient who, in his judgment is recovered. (2) Any patient who has not recovered, but whose discharge is not injurious to the public or to the patient; * * *."