Joseph COHN and Robert Foster,
Plaintiffs,

v.

Harry GEORGE, Defendant.

Civ. No. 66–202.

United States District Court
E. D. Illinois.

Oct. 1, 1968.

Joseph Cohn, East St. Louis, Ill., for plaintiffs.

Leavenworth Colby, Sp. Asst. Atty. Gen., Washington, D. C., Carl W. Feickert, U. S. Atty., East St. Louis, Ill., for defendant.

## MEMORANDUM AND ORDER

JUERGENS, Chief Judge.

This civil action in the nature of mandamus is brought pursuant to the provisions of Title 28 U.S.C.A. § 1361, against the marshal of this Court.

Plaintiff Joseph Cohn is an attorney and represents plaintiff Robert Foster in a libel suit against the Motor Vessel CAYUGA in Civil No. 66–191 filed in this Court.

It is stipulated that on September 30, 1966, plaintiff Foster, through his attorney plaintiff Cohn, filed a libel in rem against the M/V CAYUGA in a cause of action for tort civil and maritime in nature, under the general maritime laws of the United States; that plaintiff at the time of the injury for which indemnification is sought was a seaman employed on the navigable waters of the inland waterways system. Suit was brought pursuant to the provisions of Title 28 U.S.C.A. § 1916, which statute exempts seamen from prepayment of or stipulation for costs; that plaintiff

Cohn is an attorney whose practice consists of, among other things, representing injured seamen in claims under the Jones Act and under the general maritime law; that defendant Harry George is the United States Marshal for the Eastern District of Illinois; that on April 5, 1966, after filing the libel referred to above, plaintiff Cohn received a telephone call from the office of the United States Marshal for the Eastern District of Illinois, advising that office would not handle any libels in rem unless they were bonded; that plaintiff Cohn advised defendant George that a bond was not required; that defendant George has refused to execute the libel in rem or to arrest the vessel CAYUGA until the plaintiff tenders to defendant a bond, the amount and considerations of which are unknown to plaintiff; that on October 20, 1966, plaintiff Cohn wrote defendant a letter confirming the conversation "concerning the policy of your office not to file any libels without first obtaining a bond from the libelant."

Plaintiff asks this Court to compel its marshal to take and retain custody under process for admiralty arrest in an in rem action a vessel without advance collection of a cash deposit for necessary disbursements for moving the vessel, wharfage, keepers, insurance and other custody expenses.

The parties concede that a seaman is excused from giving security for costs recovered in an action and from prepaying fees for all official services performed in the action by the clerk and marshal of the Court and their deputies under the provisions of Title 28 U.S.C.A. § 1916.

The only dispute appears to be whether or not the marshal may require prepayment for expenses necessary for wharfage, keepers, maintenance and insurance against damage and injury done to the vessel while in his custody.

Section 1921, Title 28 U.S.C.A., relates to the United States Marshal's fees and provides for fees which the marshal shall collect and tax as costs. This section provides in part as follows:

"For the keeping of property attached (including boats, vessels, or other property attached or libeled) actual expenses incurred, such as storage, moving, boat hire, or other special transportation, watchmen's or keepers' fees, insurance, and $3 per hour for each deputy marshal required for special services, such as guarding, inventorying, moving, and so forth. *The marshals shall collect, in advance,* a deposit to cover the initial expenses for such services and periodically thereafter such amounts as may be necessary to pay such expenses until the litigation is concluded;" (Emphasis supplied).

In Villanueva v. Gulf Oil Corporation, 262 F.Supp. 492 (D.C.E.D.Pa., 1967), a seaman attempted to obtain prepayment from defendant for his deposition costs under the provisions of Section 1916. The Court there said that the purpose of § 1916, Title 28 U.S.C.A., is to relieve the plaintiff from prepayment of those fees and costs of suit, such as the initial filing fee and various marshal's fees that must be paid to the court. The statute does not give plaintiff an automatic right to avoid prepayment of any other costs that he may incur in preparing his case for trial.

■ Under federal practice the marshal may insist on payment of fees and expenses in advance of performing the service. Duy v. Knowlton, C.C., 14 F. 107. Brewer v. Hunter, 163 F.2d 341 (10th Cir., 1947).

■ The marshal also is entitled to collect payment in advance for payments for keepers, pumping, wharfage, towage, etc., for disbursements to be made in maintaining the vessel during the period it is in his custody in addition to the fee for other services performed. The Allegheny, 85 F. 463 (D.N.J., 1897); The Neptune, 252 F. 129 (2nd Cir., 1918).

The Marshals Manual provides that a marshal is not authorized to pay the costs in pauper or seamen cases for publishing a monition in a suit in admiralty against a vessel or of keeping the vessel while in his custody.

In admiralty proceedings in which the United States is not a party, the expenses incurred in connection with the safekeeping of a libeled vessel, such as compensation of a shipkeeper, are not payable from public funds, notwithstanding an order from the court directing the payment of such fees by the marshal. This includes seaman cases, in which the seaman is excused only from the prepayment of fees and costs for the service of process.

■ While § 1916 specifically relieves a seaman from prepayment of those fees and costs of suit such as the initial filing fees and various marshal fees that must be paid to the court, this statute does not give plaintiff an automatic right to avoid prepayment of other costs such as those expenses necessary for wharfage, keepers, maintenance and insurance against damage and injury done by the vessel while in his custody. The marshal is not permitted to make expenditures from public funds for this purpose, and certainly the marshal should not be required to draw upon his private funds to support plaintiffs' suit.

■ The Court finds that the marshal is not required to seize a vessel in a private matter without first receiving prepayment sufficient to cover the expenses necessary for wharfage, keepers, maintenance and insurance.

It is, therefore, the order of this Court that the defendant need not serve the process that has been issued in the case of Robert Foster v. The Motor Vessel CAYUGA, Civil No. 66–191, without first receiving prepayment sufficient to cover the costs of wharfage, keepers, maintenance and insurance.