Roy Wayne MORRIS, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–85–10.

Court of Criminal Appeals of Oklahoma.

Dec. 27, 1988.

Randolph S. Meacham, Meacham and Meacham, Clinton, for appellant.

Hugh A. Manning, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

Appellant, Roy Wayne Morris, was tried by jury for the crime of First Degree Murder in violation of 21 O.S.Supp.1982, § 701.7 in Case No. CRF–83–58 in the District Court of Washita County. The jury returned a verdict of guilty and sentenced appellant to life imprisonment. The trial court entered judgment and sentenced appellant in accordance with the jury's verdict. From this judgment and sentence, appellant appeals.

The record reveals that sometime in the early morning hours of September 2, 1983, the appellant drove to his ex-wife's home in Cordell, Oklahoma, pulled into the driveway, and shot her five times as she was attempting to exit her car. He then drove out into the country, threw the rifle into a ditch, drove home and went to sleep. That evening, he confessed to O.S.B.I. agents. The appellant's statements were taken after he was informed of his *Miranda* rights.

As his first assignment of error, appellant contends that the trial court committed reversible error in failing to grant his pretrial motion for continuance. The motion was based on appellant's contention that he needed a copy of the hearing transcript on the motion to suppress. During that hearing, which was held on April 26 and 27, 1984, counsel for appellant informed the trial court that if he had not received the transcript by Monday, May 3rd, then he would move for continuance. Appellant, however, did not move for continuance until Friday, May 11, 1984. This oral motion and his written motion filed on the date of trial were both denied by the trial court. Appellant argues that the transcript was essential in the preparation of his defense because it was necessary to effectively "control Dr. Garcia in his testimony."

This Court adheres to the rule that a motion for the continuance of trial is directed to the sound discretion of the trial court. *Goodwin v. State*, 730 P.2d 1202 (Okl.Cr. 1986). Its ruling will not be disturbed on appeal unless an abuse of discretion is shown. *Renfro v. State*, 607 P.2d 703, 705 (Okl.Cr.1980). In determining whether the trial court has abused its discretion, we will examine the grounds on which the application is made in light of the surrounding circumstances of the case. *Renfro*, 607 P.2d at 705. And, appellant must establish prejudice resulting from the denial of the transcript. *Raper v. State*, 560 P.2d 978 (Okl.Cr.1977).

Our careful review of the entire record indicates that the appellant has failed to establish prejudice. Dr. Garcia was presented by the appellant in his case-in-chief and was thoroughly examined. In addition, Dr. Garcia was presented by the appellant in the post-examination competency hearing dated October 28, 1983, and at the suppression hearing of April 26th and 27th, 1984. At that hearing, the district attorney made all of Mr. Garcia's written reports available to the appellant. The appellant basically had six months within which to develop and further question Dr. Garcia prior to trial. In light of the foregoing, and because appellant has failed to furnish us with any particulars, we conclude that appellant has failed to establish prejudice. This proposition must therefore fail.

Appellant argues in his second assignment of error that the trial court erred in failing to submit his requested instructions pertaining to the burden of proof for insanity and voluntary intoxication. The trial court refused appellant's requested instruction number three which dealt with

the burden of proof in an insanity defense. This instruction is identical to OUJI–CR–730 (1981), which reads:

It is the burden of the State to prove beyond a reasonable doubt that the defendant was sane at the time of the commission of the acts or omissions that constitute the crime. If you find that the State has failed to sustain that burden, then the defendant must be found not guilty.

The court instead submitted its own instruction to the jury, as instruction number fourteen:

A person is presumed to be of sound mind until the contrary is shown.

Sanity being the normal and usual condition of mankind, the law presumes that every person is sane, hence the State in a criminal prosecution may rely upon such presumption without proof relative thereto. But when the defendant introduced sufficient evidence to raise a reasonable doubt of his or her sanity, the law then imposes on the State the burden of establishing the sanity of the defendant beyond a reasonable doubt the same as any other material fact necessary to warrant a conviction; and if, upon consideration of all the evidence in the case, the jury has a reasonable doubt that the defendant at the time of the alleged commission of the act charged was mentally competent to distinguish between right and wrong, or to understand the nature and consequences of the act he was committing, he must be acquitted.

In his brief, the appellant directs our attention to 12 O.S.1981, § 577.2 in support of his argument that OUJI–CR–730 (1981) should have been submitted to the jury instead of the instruction actually given. He argues that the mandatory language found within that statute prevents the trial court from administering any instructions other than those found in the uniform instructions, unless the OUJI instruction does not accurately state the law. This Court has held that OUJI–CR–730 (1981) does not accurately state the applicable

law. *Brewer v. State*, 718 P.2d 354 (Okl. Cr.1986). Our review of the relevant authority indicates that the instruction submitted by the court fairly and accurately represents the law of this State with regard to the burden of proof of an insanity defense. Thus, the trial court's actions with regard to this instruction comport with the requirements of 12 O.S.1981, § 577.2.

■ Appellant also alleges that the trial court committed reversible error in failing to accept his requested instruction on the defense of voluntary intoxication. We have thoroughly reviewed the record and conclude that the appellant failed to introduce sufficient evidence to warrant such an instruction. *Jones v. State*, 648 P.2d 1251 (Okl.Cr.1982). Jury instructions are left to the discretion of the trial court. When they fairly and accurately state the applicable law, this Court will not disturb them. *Lamora v. State*, 717 P.2d 113 (Okl.Cr. 1986); *Johnson v. State*, 621 P.2d 1162 (Okl.Cr.1981). Appellant's second assignment of error is therefore denied.

■ For his third assignment of error, appellant asserts that his September 3, 1983, confession to the murder, and his statements on September 4, to O.S.B.I. agents, were admitted in violation of his *Miranda* rights. Appellant argues that the confession and statements should have been suppressed because his low intelligence, coupled with his disease of paranoid schizophrenia, rendered him incapable of making a knowing and intelligent waiver of his *Miranda* rights. We disagree.

A person may waive the rights contained in the *Miranda* warnings, but unless they do so "voluntarily, knowingly and intelligently," *Miranda v. Arizona*, 384 U.S. 436, 444, 475, 86 S.Ct. 1602, 1612, 1628, 16 L.Ed. 2d 694 (1966), the waiver will be held invalid and the subsequent statements will be held inadmissible. *Moran v. Burbine*, 475 U.S. 412, 421, 106 S.Ct. 1135, 1141, 89 L.Ed. 2d 410 (1986). According to the Supreme Court, "the [waiver] inquiry has two distinct dimensions":

First, the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion or deception. Second, the waiver must have been made with a full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it. Only if the 'totality of the circumstances surrounding the interrogation' reveal *both* an uncoerced choice and the requisite level of comprehension may a court properly conclude that the *Miranda* rights have been waived. (citations omitted) (emphasis added).

*Id.* at 421, 106 S.Ct. at 1141. The substance of appellant's argument is that he did not make a *knowing* and *intelligent* waiver because he was not aware either "of the nature of the right being abandoned [or] the consequences of the decision to abandon it." *Id.* He does not raise and we will not address the separate and distinct issue of whether his confession was "voluntary." *Compare Colorado v. Connelly*, 479 U.S. 157, 171, n. 4, 107 S.Ct. 515, 524, n. 4, 93 L.Ed.2d 473 (1986).

The question of waiver must be determined on "the particular facts and circumstances surrounding [a] case, including the background, experience, and conduct of the accused." *North Carolina v. Butler*, 441 U.S. 369, 374, 99 S.Ct. 1755, 1758, 60 L.Ed.2d 286 (1979), quoting *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938). *See also Foster v. State*, 657 P.2d 166, 169 (Okl.Cr.1983). While the burden to show a valid waiver of *Miranda* rights has been described as "heavy," *Miranda*, 384 U.S. at 475, 86 S.Ct. at 1628, the Supreme Court has recently reiterated that a state may establish the waiver of *Miranda* rights by no more than a preponderance of the evidence: "If ... the voluntariness of a confession need be established only by a preponderance of the evidence, then a *waiver* of the auxiliary protections established in *Miranda* should require no higher burden of proof." *Connelly*, 479 U.S. at 169, 107 S.Ct. at 523

(emphasis added). *See also Young v. State*, 670 P.2d 591, 594 (Okl.Cr.1983).

The trial transcript and the transcript from the hearing on the motion to suppress reveal that appellant received and formally waived his *Miranda* rights prior to confessing on September 2, 1983. (Tr. 223) (State's Exhibit 15) The second of two of appellant's confessions was taped with his permission. (Tr. 228) At the motion to suppress hearing on April 27, 1984, the trial court found that appellant's confession and subsequent statements to O.S.B.I. agents Donnie Crane and David Sauls were made after a knowing and intelligent waiver of *Miranda* rights, and should thus be admitted at trial.

On behalf of the State, Agent Crane testified at trial that prior to confessing, appellant appeared to understand his rights and even acknowledged that he understood them. (Tr. 224) According to Crane, appellant was "very responsive," (Tr. 219) coherent, deliberate in his answers, (Tr. 241) and he acknowledged and appeared to understand the rights he was waiving. (Tr. 224) After fully relating to the agents the surrounding circumstances of the crime, appellant again related on tape the facts of the case. Crane testified that appellant said that he deserved to die for killing his ex-wife. (Tr. 245)

Appellant introduced evidence to establish that he was suffering from the disease of paranoid schizophrenia at the time of the murder as well as at the time of his confession. He also presented evidence to show that he is of low intelligence. Dr. Wood, one of the physicians who examined appellant after he was sent to Eastern State Hospital for evaluation, testified that in his opinion, appellant could not have understood or appreciated his acts on the date of his confession. (Supp.H. 24) However, Dr. Garcia, the other examining physician, could not positively conclude that appellant did not know right from wrong at the time the confessions were taken. In fact, Dr. Garcia testified that his examination of appellant's September 2 statement did *not*

**1392**

indicate that appellant did not know right from wrong or the consequences of his acts. (Tr. 290–293, 320)

Based upon the trial transcript and the transcript from the motion to suppress hearing, we conclude that the State proved by a preponderance of the evidence that appellant knowingly and intelligently waived his *Miranda* rights prior to confessing. While the testimony concerning the degree of appellant's mental impairment was conflicting, there was sufficient evidence that he could understand and appreciate the rights which he waived. Appellant may have a less than average educational background, but the evidence supported the conclusion that he was capable of understanding the meaning and consequences of his confession. *See Hayes v. State*, 738 P.2d 533, 537 (Okl.Cr.1987). Under "the totality of the circumstances," we find that appellant's level of comprehension was sufficient to support the trial court's conclusion that he validly waived his *Miranda* rights. This assignment of error is therefore denied.

In his final assignment of error, appellant contends that the trial court erred in refusing to permit him to place into evidence the State's application for determination of competency, filed September 6, 1983. He argues that this application was evidence that the State believed he was insane when he committed the crime. The district attorney's application, filed according to 22 O.S.1983, § 1175.2, said that the State had "reason to believe that the said defendant is listless and uncommunicative," and that these facts raised a doubt as to defendant's competency. The court, pursuant to this "joint application" filed by both the district attorney and appellant's counsel, ordered the appellant committed for a period of sixty days. Appellant was subsequently adjudged competent to stand trial.

■ Appellant confuses two separate and distinct issues: his competency to stand trial and his sanity at the time the crime was committed. The purpose of the competency procedures enumerated in 22 O.S.1981, § 1175.1 et seq., is to determine whether a defendant has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding, and whether he has a rational, as well as factual understanding of the proceedings against him." *Campbell v. State*, 636 P.2d 352, 355 (Okl.Cr.1981). Once this is determined, the appellant, if adjudged competent, may proceed to trial and may then argue his defense of insanity.

We fail to see how this application was relevant to the appellant's sanity at the time the crime was committed. The trial court ultimately decided that appellant was competent to stand trial. And, the district attorney's application concerning appellant's competency was not probative of appellant's insanity at the time of the murder. It was merely a vehicle through which inquiry into his competence began. This type of evidence is often excluded in cases where an insanity defense is ultimately presented. *Cook v. State*, 81 Okl.Cr. 337, 164 P.2d 652 (1945); *Rice. v. State*, 80 Okl.Cr. 277, 158 P.2d 912 (1945). Thus considered, we find that the trial court did not abuse its discretion in excluding the application. *Cooper v. State*, 671 P.2d 1168 (Okl.Cr.1983).

For these reasons, the judgment and sentence herein are AFFIRMED.

BUSSEY and PARKS, JJ., concur.