Katherine A. SHULTZ, Plaintiff,

v.

M/V ELINOR, Defendant.

No. 92–2821–CIV.

United States District Court,
S.D. Florida.

March 8, 1993.

Gus Efthimou, Miami, FL, for plaintiff.

Reginald Hayden, Jr., Miami, FL, for defendant.

## ORDER ON SUBSTITUTE CUSTODIAN'S EMERGENCY MOTION

ATKINS, Senior District Judge.

THIS CAUSE comes before the Court after hearing on Substitute Custodian Ted Rosenthal's (Custodian) Emergency Motion for Hearing to Dismiss the Suit with Prejudice to Release the Vessel from Arrest and to Order Payment of Custodial Fees and Expenses (d.e. 24), filed February 1, 1993.

Custodian informs the Court that his custodial fees have not been paid and submits that plaintiff is responsible for those costs. Custodian admits that in his affidavit he stated that "he will perform the following services for said vessel during his custodianship: dockage, security, and towage/shifting and pumping when necessary." Affidavit for Substitute Custodian (d.e. 13) at 1. Custodian also agreed to keep proper insurance on the vessel. *Id.* Upon taking possession of the vessel, Custodian paid the accrued dockage fees owed by the initial custodian. Custodian tendered a bill for dockage, costs and fees to the plaintiff through her attorney, as well as through the U.S. Marshal, and was refused payment. To date, Custodian has not received any reimbursement for his expenditures.

### ANALYSIS

Usually, the U.S. Marshal assesses costs and fees for seizure of a vessel. 28 U.S.C. § 1921 (1992).[1] However, "seamen may institute and prosecute suits ... for their own

---

1. *See also* U.S. Marshal's Manual at 276 ¶ d, which states that pursuant to 28 U.S.C. § 1921, the party initiating the arrest of the vessel is responsible for a ten day advance for his expenses to cover cost of service, custody and safekeeping. "Following the seizure of a vessel, the party initiating such action may be periodically requested to deposit additional funds in advance with the U.S. Marshal as may be necessary to cover costs until the litigation is concluded." *Id.* at ¶ d.(2).

benefit for wages ... without prepaying fees or costs or furnishing security therefor." 28 U.S.C. § 1916.[2] At issue is whether plaintiff is responsible for custodial and dock fees or are these fees "costs" as defined under 28 U.S.C. § 1916 for which plaintiff is not accountable. *See generally* Margaret Shulenberger, Construction and Application of 28 USCS § 1921 Authorizing Fees of United States Marshals to Be Collected and Taxed as Costs, 14 ALR Fed. 901 (1973). Plaintiff is responsible for these fees if the fees are not considered "costs."

The Eleventh Circuit has never addressed this issue. Nevertheless, the Fifth Circuit did settle part of this issue in *Araya v. McLelland*, 525 F.2d 1194 (5th Cir.1976).[3] In *Araya*, the U.S. Marshal refused to attach a vessel unless plaintiff prepaid $1,000 to cover the Marshal's initial expenses. In response, plaintiff filed a Petition of Mandamus to compel the seizure. The court held that the Marshal is not required to seize a vessel without prepayment of initial costs and denied the Writ. Further, because 28 U.S.C. § 1921 was amended later in time, it prevailed in its conflict with 28 U.S.C. § 1916.[4]

In its analysis, the Fifth Circuit approved the district court's use of the approach in *Cohn v. George*, 297 F.Supp. 527 (E.D.Ill. 1968), to deny the Writ of Mandamus. In *Cohn*, the district court agreed with the parties that a seaman is excused from giving security for costs recovered in an action and from prepaying fees for all official services performed in the action by the clerk and Marshal. *Id.* at 528. However, the court explicitly held that 28 U.S.C. § 1916

> does not give plaintiff an automatic right to avoid prepayment of any **other costs** that he may incur in preparing his case for trial ... The seaman is excused only from the prepayment of fees and costs for the **service of process** ...

[T]he statute does not give plaintiff the right to avoid prepayment of other costs such as those expenses necessary for **wharfage, keepers, maintenance and insurance against damage and injury** done by the vessel while in [the Marshal's] custody.

*Id.* at 528–529 (emphasis added).

In the case at bar, the Marshal gave the vessel to the court appointed Substitute Custodian. Approximately two weeks later, claimants, on an emergency basis, moved to appoint a new custodian due to the impending removal of the vessel from the marina. At the emergency hearing, Judge Moreno (sitting in this Court's absence) denied Claimant's Motion to Release the Vessel and vacated the order appointing Dan Farrar as substitute custodian due to the custodian's failure to file an appropriate affidavit. At that time, plaintiff produced no evidence substantiating that the removal was not imminent. Consequently, Judge Moreno asked parties to recommend a new Substitute Custodian. Pursuant to that request, claimants offered Ted Rosenthal as a possible candidate. Judge Moreno approved Mr. Rosenthal contingent upon his filing an affidavit of custodianship.

Upon review of the hearing transcript, and contrary to plaintiff's allegations, this Court cannot find any statement that the claimants accepted financial responsibility for custodian fees. Consequently, the burden of custodian and dockage fees has not shifted from plaintiff to claimants.

Therefore, it is

ORDERED AND ADJUDGED that Substitute Custodian Ted Rosenthal's Emergency Motion for Hearing to Dismiss the Suit with Prejudice to Release the Vessel from Arrest and to Order Payment of Custodial Fees and Expenses (d.e. 24) is *DENIED in part* and *GRANTED in part* as follows:

---

**2.** *See also* Rule 5(C–F) of the Admiralty Rules of the U.S. District Court for the Southern District of Florida.

**3.** All Fifth Circuit decisions prior to October 1, 1981 are considered binding precedent in the Eleventh Circuit. *See Bonner v. Prichard*, 661 F.2d 1206 (11th Cir.1981).

**4.** The *Araya* court rejected the Second Circuit's interpretation of 28 U.S.C. § 1921 in *Thielebeule v. M/S Nordsee Pilot*, 452 F.2d 1230 (2nd Cir. 1971), which held that 28 U.S.C. § 1916 prevailed over section 1921. Therefore, seamen were not responsible for any and all prepayment of costs.

1) Due to the fact that this Court heard argument upon this issue, Substitute Custodian Ted Rosenthal's Emergency Motion for **Hearing** to Dismiss the Suit with Prejudice to Release the Vessel from Arrest is **GRANTED** nunc pro tunc with respect to the hearing only. However, Substitute Custodian's Motion to Dismiss the Suit with Prejudice is **DENIED.**

2) Substitute Custodian Ted Rosenthal's Motion to Order Payment of Custodial Fees and Expenses is **GRANTED.** Plaintiff is hereby ADJUDGED responsible for all custodial and dockage fees.

DONE AND ORDERED.