**Boyd M. JONES, Libellant,**

v.

**UNITED STATES of America,
Respondent.**

No. 289.

United States District Court
W. D. Pennsylvania.

Dec. 21, 1959.

Harry Alan Sherman, Pittsburgh, Pa., for libellant.

George Sewak, Pittsburgh, Pa., for the United States.

WILLSON, District Judge.

· The libellant has three cases now pending in this court which have been consolidated for trial. The first, civil action 15616, is his Jones Act case against Johnson Brothers Company, the second at 288 Admiralty is against Johnson Brothers Company for maintenance and cure, and the third is this admiralty case against the United States of America. In this case the government filed on November 9, 1959, a motion to dismiss the libel for two reasons; (1) Failure to verify the libel in accordance with local admiralty rule 2 and, (2) failure to file a stipulation for costs in accordance with local admiralty rule 10. A supporting affidavit was filed in connection with this motion in which government counsel asserted that the libellant was employed, at the time of the injury, by Johnson Brothers Company in the capacity of a laborer, and not as a seaman as is alleged in the libel. On December 21, 1959, an amended libel was filed with the Clerk, but without prior leave of court; and this was in all respects identical to the original libel filed on August 9, 1957, with the one exception that the amended libel contained a verification by the libellant in conformity with the requirements of local admiralty rule 2. The parties now have been heard at oral argument and their respective briefs have been duly considered.

The first question presented is whether the libellant should be permitted to belatedly amend his libel so as to supply the deficient verification. The rules requiring such verification are clear. Supreme Court Admiralty Rule 22, 28 U.S. C.A. requires that all libels shall be on "oath or solemn affirmation", and local admiralty rule 2 requires that the "libel, answer and other pleadings shall be verified by the oath or affirmation of the party, his attorney or agent * * *." Thus the problem posed is whether such failure to file a verification renders the libel uncurably defective with the result that it must be dismissed, or may this defect now be cured by a proper amendment. It is to be noticed that the local admiralty rules are silent with respect to amendments but this is not so in the Supreme Court Admiralty Rules:

"Rule 23 Amendments to libels

"In all informations and libels in causes of admiralty and maritime jurisdiction, amendments in matters of form may be made at any time, on motion to the court, as of course. And new counts may be filed, and amendments in matters of substance may be made, on motion, at any time before the final decree, on such terms as the court shall impose. And where any defect of form is set down by the respondent or claimant upon special exceptions, and is allowed, the court may, in granting leave to amend, impose terms on the libellant."

The principals respecting the application of this rule have been developed by the case law. The allowance of belated amendments to the pleadings both as to form and substance are in the sound discretion of the court. The Winnie, D.C., 58 F.2d 653, affirmed 3 Cir., 65 F.2d 706. The considerations to be borne in mind in the exercise of this discretion are well stated by Judge Allen in Deupree v. Levinson, 6 Cir., 186 F.2d 297, at page 303:

"It has always been the practice in American admiralty courts to allow the parties every opportunity to place their whole case before the court and to enable the court to administer substantial justice between the parties. It is therefore the long-established rule that omissions and deficiencies in pleadings may be supplied and errors and mistakes in practice in matters of substance as well as of form may be corrected at any stage of the proceedings for the furtherance of justice. 2 Benedict on Admiralty (6th Ed.) 557. 'Where merits clearly appear on the record, it is the settled practice, in admiralty proceedings, not to dismiss the libel but to allow the party to assert his rights in the new allegation.' Mr. Justice Story, in The Adeline, 9 Cranch 244, 3 L.Ed. 719; Galatis v. Galatis (The Miss Nassau), 5 Cir., 55 F.2d 571. Amendments to libels are freely permitted under Rule 23, Rules of Practice in Admiralty and Maritime Cases, 28 U.S.C.A. The S.S. Nea Hellis, 2 Cir., 116 F.2d 803; The Beaconsfield, 158 U.S. 303, 15 S.Ct. 860, 39 L.Ed. 993; Boston Ins. Co. v. City of New York, 2 Cir., 130 F.2d 156. Amendments are permitted in admiralty with much more liberality than at common law. The Hamilton, 2 Cir., 146 F. 724."

In Joyce v. United States, D.C.E.D.Pa., 106 F.Supp. 719, the government advanced this same ground as the basis for dismissal. In rejecting the government's contentions the court there relied on much of the language quoted from Judge Allen's opinion hereinabove. It is the conclusion of this court, bearing the above mentioned principals in mind, that the amendment as filed shall be permitted and is to be regarded as sufficient compliance with the verification requirement found in local admiralty rule 2 under the circumstances in this case.

■ The second reason that the government advances as a basis of dismissal of the libel is the failure to file a stipulation for costs, or be excused therefrom by an appropriate Order of Court. The government's contention in this respect is premised on the requirements found in Supreme Court General Admiralty Rule 24 and Local Admiralty Rule 10, both entitled "Stipulation for costs". Rule 24 provides:

"In all cases the court may, on the filing of a libel or on the appearance of any respondent, or claimant, or at any other time, require the libellant * * * to give a stipulation * * * in such sum as the court shall direct, to pay all costs and expenses which shall be awarded against him, * * *."

Local Rule 10 provides:

"No process shall issue in a plenary proceeding, unless by special order of court, until stipulation for costs in the sum of $250 to secure

the costs, has been given and approved by the court."

In response the libellant contends that by virtue of his status as a seaman and the provisions applicable thereto, 28 U.S.C.A., § 1916, he was not required to file a stipulation for costs. Section 1916 provides:

"In all courts of the United States, seamen may institute and prosecute suits and appeals in their own names and for their own benefit for wages or salvage or the enforcement of laws enacted for their health or safety without prepaying fees or costs or furnishing security therefor."

Section 1916 has applicability to seamen only. In this case the status of the libellant at the time of the injury is and has been sharply disputed in each of the three cases. Immediately preceding the statement of the first cause of action there appears the following in each of the three cases:

"Libel by Seamen Under Special Rule for Seamen to Sue Without Costs or Payment of Fees"

Also the body of the libellant's pleadings contained an allegation that his status was that of a seaman and this is the position currently taken by the libellant. On the other hand Johnson Brothers and the government, from the very inception of the law suits have strongly disputed this allegation and have steadfastly maintained that the libellant's status was that of a laborer. This position is reflected in their pleadings and in the government counsel's supporting affidavit. In this posture, the government now seeks dismissal of the libel for failure to file a stipulation of costs or to be relieved therefrom by an appropriate court order. Admittedly no such order has been entered. In order to grant the government's motion on this ground, it is a necessary pre-requisite that the court find that the libellant was not a seaman at the time complained of, and secondly that such defect now requires a dismissal of the libel. It is unnecessary to pass on the validity of this latter contention since this court is unable at this juncture to make the requisite finding with respect to the libellant's status that the government seeks. In effect, the government is asking for summary judgment in a case where there are sharply disputed material issues of fact. This the court cannot grant at this stage of the litigation.

Order.

And now, this 27th day of January, 1960, for the reasons mentioned in the foregoing memorandum, the motion of the government to dismiss the libel is denied;

And Further, the amendment to the libel filed December 21, 1959 is allowed.