**James E. WALSH, Plaintiff,**

v.

**MARINE NAVIGATION CO., Inc.,
Defendant.**

United States District Court
S. D. New York.

Aug. 3, 1963.

On Motion for Reargument
Oct. 15, 1963.

Benjamin B. Sterling, New York City, for plaintiff, Max Cohen, New York City, of counsel.

Cadwalader, Wickersham & Taft, New York City, for defendant, John A. Sullivan, New York City, of counsel.

McLEAN, District Judge.

Plaintiff seeks to take the depositions upon oral examination of five witnesses who reside in Louisiana. Defendant moves for an order requiring plaintiff to pay the expenses, including attorneys' fees, of defendant's attorney in attending the depositions. In the alternative, defendant asks that the depositions be taken in New York.

Although under the circumstances of this case I would be disposed to grant the application for attorneys' fees and expenses, pursuant to Rule 5(a) of the Civil

Rules of this court, I am faced with 28 U.S.C. § 1916 which provides:

"In all courts of the United States, seamen may institute and prosecute suits and appeals in their own names and for their own benefit for wages or salvage or the enforcement of laws enacted for their health or safety without prepaying fees or costs or furnishing security therefor."

■ It is clear that to grant the relief would be to require the prepayment of "fees and costs."

Plaintiff claims to be a seaman and has brought his action under the Jones Act to recover for injuries allegedly sustained by him while employed upon defendant's vessel. Defendant denies that plaintiff was employed and hence claims that plaintiff is not a seaman and is not entitled to the preferential treatment afforded seamen by the statute.

If plaintiff in fact were not employed by defendant, he would not be entitled to sue under the Jones Act. Miller v. Browning S.S. Co., 165 F.2d 209 (2d Cir. 1947)

■ Conceivably he could still be a "seaman" for purposes of this statute if this were his regular occupation, even though he was not employed in this particular instance. It is more sensible, however, to construe the statute as protecting only those seamen who have a cause of action under "laws enacted for their health or safety," in other words, only those seamen who are employed by defendant at the time of the injury. This is the construction that I adopt.

■ The question is, therefore, whether plaintiff was so employed in this instance. That is the very question at issue in this litigation. It raises a question of fact which can be determined only at the trial. I cannot assume that defendant will prevail on that issue. Jones v. United States, 180 F.Supp. 425 (W.D.Pa.1959)

I reluctantly conclude, therefore, that prepayment of expenses and counsel fees cannot be required.

As far as defendant's alternative motion is concerned, defendant fails to show how plaintiff could require these witnesses, who presumably are not in his control, to come from Louisiana to New York to testify. In any case, it would be unjust to require plaintiff to produce them here in view of the very substantial expense involved.

Defendant's motion is denied in all respects. So ordered.

On Motion for Reargument

I have reconsidered this motion in the light of certain additional authorities cited by defendant in support of its motion for reargument.

North Atlantic & Gulf S.S. Co., Inc. v. United States, 209 F.2d 487 (2d Cir. 1954), was concerned with 28 U.S.C. § 2412(c) which provides that a successful plaintiff in an action against the government under the Tort Claims Act may tax costs but that "such costs shall not include attorneys' fees." The court held that "attorneys' fees" as used in this statute meant only the fees of plaintiff's attorney "in general" and did not prevent the taxation of attorneys' fees allowed by the district court under Civil Rule 12 (now Rule 5(a)) upon the taking of a deposition. It does not seem to me to follow from this decision that the "fees and costs" which, under 28 U.S.C. § 1916 are not to be "prepaid," do not include attorneys' fees and expenses on a deposition. The language of the two statutes is not identical, and their purpose is different. The purpose of Section 1916, it would seem, is to encourage seamen to institute suit and to facilitate the prosecution of their suit by exempting them from any obligation to pay expenses of the action prior to the trial. The statutory intent, and the statutory language which expresses it, are broad enough to encompass the fees and ex-

penses which defendant seeks here. To require plaintiff to pay these fees and expenses now would be to require a "prepayment," i. e., a payment in advance of trial. This would contravene the statute, regardless of the fact that plaintiff, if ultimately successful at the trial, could recoup this payment as a part of his taxable costs.

As to defendant's second contention, the cases which defendant cites involved a determination after a trial that plaintiff was not employed by defendants, and hence was not a seaman. These decisions do not affect the view that this question of fact as to whether plaintiff was or was not employed cannot be decided on this motion in advance of trial. I adhere to my decision of August 3, 1963 denying defendant's motion. So ordered.