**Ida NAGLE, Administratrix of the Estate of Francis R. Nagle, Deceased, Libelant,**

v.

**UNITED STATES LINES CO., etc., et al., Respondents.**

No. 8553.

United States District Court
E. D. Virginia,
Norfolk Division.

June 18, 1965.

Amato, Babalas, Breit, Cohen, Rutter & Friedman, Norfolk, Va., for libelant.

Vandeventer, Black, Meredith & Martin, Norfolk, Va., for respondents.

WALTER E. HOFFMAN, Chief Judge.

At issue at this stage of the proceeding is a request under Admiralty Rule 30E(b) for a protective order directing the payment of proctor's fees and/or expenses in connection with the attendance of proctor for libelant at a de bene esse deposition to be taken by respondents at Savannah, Georgia.

Admiralty Rule 30E(b) is identical with Rule 30(b) of the Federal Rules of Civil Procedure. This Court has previously ruled in an unreported opinion that, since the effective date of the amendments to the Admiralty Rules (July 19, 1961), the interpretations given to Rule 30(b) of the Federal Rules of Civil Procedure should be applicable to Admiralty Rule 30E(b), thereby permitting the discretionary allowance of proctor's fees and/or expenses under the protective order provision.

We discount respondents' principal argument that such allowances are permissible only in Jones Act cases where the seaman is alive. Cases are legion permitting such allowances in civil matters not involving seamen or admiralty and maritime jurisdiction. We believe that a reasonable allowance should be made in this case.

The difficulty lies not in the interpretation of the rule but in its application. Certainly it cannot be said in every case that an attorney's fee should be allowed. All of the courts have emphasized that the allowance is discretionary. It also appears that the amount required to be

paid under a protective order may be taxed as a part of the costs in the event the party required to make such payment ultimately prevails or, as otherwise stated, "substantially prevails." Nor does this Court agree that the statute permitting seamen to institute and prosecute suits and appeals in their own names without prepaying fees or costs or furnishing security therefor, 28 U.S.C. § 1916, necessarily gives the seaman immunity or automatically permits his counsel to collect a fee for attending a deposition. Contra: Walsh v. Marine Navigation Co., Inc., S.D.N.Y., 34 F.R.D. 25. If counsel for the seaman elects to take a deposition in a distant place, there are other means available under Rule 30(b)—as well as Admiralty Rule 30E(b)—which may be resorted to by the parties. If seaman's counsel insists upon the de bene esse deposition, with the other party agreeing to an alternative procedure, it seems only reasonable that the seaman should be required to pay an attorney's fee under the rules. If defendant's counsel does not agree to an alternative procedure, or if neither party agrees and an alternative procedure is available, the parties should ordinarily bear their own expense of attendance. Reversing the situation, if the de bene esse deposition is to be taken at the instance of the defendant-respondent and if counsel for the plaintiff-libelant requests an allowance as a condition to attending the deposition, the same principles should be applied.

Many depositions serve no useful purpose. For example, in admiralty cases it is frequently necessary for counsel to negative certain inferences where the witness was not an actual eye witness to the accident or collision. Such matters should be the subject of a stipulation as to what the witness would say if called. If there is no agreement, the Court may, in its discretion, make such allowance as may be appropriate in connection with any deposition taken, and may consider which party is the one who is standing upon any refusal to stipulate.

It is fundamental that allowances for attendance at depositions should not be made where the deposition is scheduled to be taken within the general area of the forum, or where the parties have previously retained associate counsel readily available in distant places. Attorneys must anticipate reasonable expenses to be borne by the parties (and by the attorneys). Nor does this Court permit, under ordinary circumstances, the allowance of both attorney's fees and expenses of travel. The expense of litigation should be minimized wherever possible. Frequently it is less expensive to associate counsel for the purpose of attending a deposition. On the other hand, it may be more economical to make an allowance of travel expense. Even in matters where the attendance of trial counsel is deemed to be absolutely necessary, it is generally sufficient to make an allowance of travel expense and reasonable subsistence without an attorney's fee.

What has been heretofore stated should not be construed as a guide where the deposition is sought solely for discovery purposes. While there exists a right of discovery in any civil or admiralty case, this right must be tempered with the need and the peculiar circumstances in each case insofar as the allowance of counsel fees and expenses may be involved. Where a discovery deposition is desired essentially for the purpose of filing a motion for summary judgment, or to build up a case for possible impeachment of a witness, the party seeking such discovery deposition in a distant place may properly be required to pay an attorney's fee or expenses to his adversary. The usual situation presents the problem arising in connection with a discovery deposition of a party. A practice has grown up in this area wherein counsel for plaintiff-libelant wishes to take the discovery deposition of the "master, mate and officers" of a certain vessel and they cause a notice to be served upon opposing counsel returnable at a fixed date at the office of such counsel, even though they are aware of the fact that no witness will be present. Such notices are meaningless; they establish no priority as to discovery proceedings and, at

best, *may* entitle counsel to take the discovery deposition in advance of a de bene esse deposition if the defendant-respondent thereafter elects to take the de bene esse deposition of one of these officers. Even the latter practice should not be looked upon with favor as it involves a needless expense. Of course, if such a practice is permitted, it stands to reason that the discovery and de bene esse deposition should be taken on the same day and place. Additionally, where one party seeks to take a discovery deposition, the party seeking discovery forfeits his right to an allowance of attorney's fees and expenses in connection with both depositions. Where a party has not indicated a previous desire to take the discovery deposition of a particular witness by name or by a specifically designated position, and his adversary serves a notice to take a de bene esse deposition, no right of discovery should be granted as the information may be obtained by cross-examination of the witness.

The question arises as to the right to take the discovery deposition of a party who lives at a distant place. Unlike some courts, it does not necessarily follow that a plaintiff-libelant, even though he has selected this forum, need be discovered in the forum area. If the party seeking discovery wishes to depose the opposing party in the forum area, he should be prepared to pay the travel expenses and reasonable subsistence to accomplish this purpose. If the discovery is sought at the residence of the party, no allowance of attorney's fees or expenses should ordinarily be made to either counsel. As there is no rule preventing the taking of depositions on a Saturday, any question as to loss of time from work of a party required to travel to the forum area should customarily be avoided.

The comments herein are for the consideration of counsel due to the increasing number of requests made relating to allowances of attorney's fees and expenses in depositions taken at places removed from the forum. The reasonableness of any fee is usually agreed upon by the attorneys. The nature and extent of the depositions to be taken may be a factor in determining the amount allowed in any given case. We are told that in certain states the fees demanded for taking depositions are deemed to be exorbitant but we find that this is occasioned by the desire of local counsel to secure the services of attorneys who are either pro-plaintiff or pro-defendant. Local counsel must look elsewhere under such circumstances, or otherwise bear the excess cost of the services.

This expression of practical problems arising over a period of eleven years' service, especially in the maritime matters, is merely a statement of policy followed by the Norfolk and Newport News Divisions for the Eastern District of Virginia. Practices in other localities will vary. There is certainly no fixed rule in discretionary matters.