In the Matter of Complaint of **CHINA MERCHANTS STEAM NAVIGATION CO., Ltd., As Owner of the STEAM-SHIP HAI CHANG, for exoneration from or limitation of liability.**

**No. 63 Ad. 131.**

United States District Court
S. D. New York.

Aug. 31, 1966.

---

Kirlin, Campbell & Keating, New York City, for plaintiff.

Bigham, Englar, Jones & Houston, New York City, Vincent L. Leibell, Jr., F. Herbert Prem, New York City, of counsel, for claimants.

## MEMORANDUM

TENNEY, District Judge.

Plaintiff moves herein, pursuant to Rule 30(b) of the Federal Rules of Civil Procedure and Rule 5 of the Civil Rules of the United States District Court, Southern District of New York, for an order directing that certain depositions should not be taken, or, in the alternative, that said depositions be taken only in New York City, New York, or at a later date on the West Coast with claimants prepaying plaintiff's travel expenses and reasonable counsel fees.

This litigation involves the loss of the S.S. HAI CHANG, a Nationalist Chinese flag vessel, in the Pescadores Channel on October 14 or 15, 1962, in which all of the crew perished and all of the cargo was lost. On February 5, 1963, plaintiff, a Nationalist Chinese corporation and the owner of the vessel, filed a complaint in this Court seeking exoneration from or limitation of liability. Claims for loss of cargo totaling more than $2,100,000 have been filed.

Six notices to take depositions *de bene esse* were served by claimants' attorneys on attorneys for the plaintiff on July 12, 1966. These notices provided for the taking of depositions on the West Coast in the following manner: nine witnesses to be examined in San Francisco at three different locations on July 21, 1966; four witnesses to be examined in Portland, Oregon, on July 22, 1966; three witnesses to be examined in Tacoma, Washington, on July 25, 1966; and three witnesses to be examined in Seattle, Washington, on July 26, 1966.

Plaintiff contends that the scheduling of nine examinations in San Francisco in one day is oppressive, harassing and constitutes an inadequate period of time to conduct the examinations; that because of the airline strike it would be nearly impossible to make arrangements to fly to California; and that if plaintiff's attorney could get to California, because of the strike he would find it difficult to proceed to the sites chosen for the taking of the other depositions.

These contentions are rendered academic because this motion for a protective order was adjourned on its original return date to a date after that set for the taking of the depositions, and because both sides have now agreed that the Court should designate convenient dates and times for the taking of the depositions. Further, the problem of the airline strike is no longer a factor to be considered because of its settlement subsequent to the argument of this motion, so that plaintiff's attorneys can make necessary travel arrangements.

Plaintiff, however, further contends that this suit in admiralty is subject to the provisions of Rule 30(b) of the Federal Rules of Civil Procedure, providing for protective orders, and Rule 5(a) of the Civil Rules of this Court providing for the discretionary payment of counsel fees on taking of depositions more than 100 miles from the courthouse. Attor-

neys for the claimants argue that the amendments to the Federal Rules of Civil Procedure, effective July 1, 1966, do not change the procedure for the taking of depositions *de bene esse*.

■ The purpose of the *de bene esse* statute, Rev.Stat. §§ 863–65 (1875), was to allow the plaintiff to take depositions without leave of court within twenty days after commencement of the action because of the necessity of obtaining and preserving testimony of seamen who were constantly traveling. See Rule 26, Federal Rules of Civil Procedure, Advisory Committee Note (as amended July 1, 1966). Traditionally, Courts have not allowed prepayment of adversary costs for the taking of depositions *de bene esse*. See Pero v. United States, 64 F.Supp. 485 (S.D.N.Y.1945); 3 Benedict, Admiralty § 390, at 50 (6th ed. 1940). However, all of the cases cited by counsel for claimants standing for this proposition were decided prior to the 1961 amendments to the Rules of Practice in Admiralty and Maritime Cases. Rule 30A of these amended Rules provided for the continuation of depositions *de bene esse* in admiralty, but provided alternatively for the taking of depositions in accordance with the Federal Rules of Civil Procedure. The language of Rule 30A has been incorporated in the 1966 amendment to Fed.R.Civ.P. 26 (a), with Rule 30A being rescinded. Moreover, Rule 30E(b) of the 1961 amendments to the Admiralty Rules (rescinded July 1, 1966), providing for protective orders, is identical to Fed.R.Civ. P. 30(b). Therefore, Rule 30E(b) of the Admiralty Rules should be interpreted in the same manner as Rule 30(b) of the Federal Rules. Nagle v. United States Lines Co., 242 F.Supp. 800 (E.D. Va.1965). In *Nagle*, this reasoning was used to allow the prepayment of attorney's fees and travel expenses for attending a deposition *de bene esse*. In Walsh v. Marine Nav. Co., 34 F.R.D. 25 (S.D.N.Y.1963), Judge McLean refused to grant the prepayment of counsel's fees and expenses. However, he stated that he "would be disposed to grant the ap-plication * * * pursuant to Rule 5(a) of the Civil Rules of this court," but for the provision of 28 U.S.C. § 1916, which states that seamen may prosecute suits under the Jones Act without prepayment of fees and costs. Clearly, this is not the situation in the case at bar and, by implication, it would appear that Judge McLean would have allowed the prepayment of fees and expenses but for the statute.

■ The 1966 amendments to the Federal Rules do not modify this reasoning in any manner. Rule 1 of the Federal Rules of Civil Procedure provides that, "These rules govern the procedure * * * in *all* suits of a civil nature whether cognizable as cases at law or in equity [or in admiralty], with the exceptions stated in Rule 81." (Emphasis added.) Rule 81 is inapplicable to the case at bar. Rule 26(a) as hereinbefore mentioned provides the procedure for the taking of depositions and alternatively provides for use of depositions *de bene esse* in admiralty. It should be noted that this Rule does not provide that depositions in admiralty may only be taken *de bene esse*. Claimants' argument that Rule 30(b) relates only to civil actions is incorrect. Their reasoning is that because this Rule was not amended, it does not apply to admiralty claims. Clearly, the clause in Rule 1, subjecting admiralty proceedings to the Federal Rules, must mean that all admiralty proceedings are bound by all the Rules and not just the amended ones. If claimants' reasoning were followed, this would mean that there can be no protective orders in admiralty since Rule 30E(b) of the Admiralty Rules has been rescinded. Fed.R.Civ.P. 1, Advisory Committee Note (as amended July 1, 1966). Such a result would clearly contravene the intent of the Supreme Court in amending the Rules. Accordingly, I conclude that Rule 30(b) now applies to proceedings in admiralty as well as to civil and equitable suits.

■ Rule 5(a) of the Civil Rules of this Court allows the prepayment of counsel's expenses and reasonable attor-

ney's fees for attending depositions at a place more than 100 miles from the courthouse. The Advisory Committee Note to Rule A of the Supplemental Rules for Certain Admiralty and Maritime Claims provides that,

> [T]hese rules are not to be construed as limiting or impairing the traditional power of a district court, exercising the admiralty and maritime jurisdiction, to adapt its procedures and its remedies in the individual case, consistently with these rules * *.

Examining the provisions of these Rules, I find that by allowing reasonable attorney's fees and travel expenses, there will be no conflict with the Supplemental Admiralty Rules. Accordingly, if the depositions are to be held on the West Coast, plaintiff should be entitled to reasonable attorney's fees and travel expenses.[1]

 Plaintiff alternatively contends that discovery can as easily be accomplished through the use of written interrogatories. Attorneys for the claimants state that the examination would not be difficult and that only a simple question is involved in proving title to the cargo. Indeed this contention is buttressed by the amount of time that has been scheduled for each examination. Under Fed. R.Civ.P. 30(b), the Court is empowered to order that a deposition shall only be taken on written interrogatories. The oral examination of witnesses is usually favored, however, because it allows cross-examination of "evasive, recalcitrant or hostile" witnesses. Worth v. Trans World Films, Inc., 11 F.R.D. 197, 198 (S.D.N.Y.1951). However, no showing has been made that hostile witnesses will be deposed nor that the scope of the examination is such that written interrogatories will be inadequate.

1. I might note in passing that claimants have shown no need for proceeding with depositions *de bene esse*. The purpose of these depositions has been hereinbefore set forth. Although the use of these depositions has been retained, they should not be used, as attempted here, to avoid prepayment of counsel's fees. No showing has been made that time is of the essence.

 Accordingly, if claimants wish to examine the witnesses upon oral depositions, I conclude that the reasonable travel expense and counsel fee of one attorney for plaintiff should be prepaid by the claimants. The depositions are to be taken in the period between September 15, 1966 and October 15, 1966. No showing has been made that the scheduling of nine examinations in one day in San Francisco is or will be oppressive or harassing, considering the scope of the examination. If claimants do not wish to pay the expenses herein mentioned, they are relegated to the use of written interrogatories.

It is so ordered.

Therefore, claimants could have just as easily noticed the depositions in the usual manner provided for in the Federal Rules. This should not be interpreted as a holding that if, in fact, a valid reason did exist for taking depositions *de bene esse*, the Court could not grant the prepayment requested.