Herman **VILLANUEVA**

v.

**GULF OIL CORPORATION.**

**Civ. A. No. 40885.**

United States District Court
E. D. Pennsylvania.

Jan. 12, 1967.

Norman Shigon, Philadelphia, Pa., for plaintiff.

Timothy J. Mahoney, Krusen, Evans & Byrne, E. Alfred Smith, Philadelphia, Pa., for defendant.

OPINION

JOHN MORGAN DAVIS, District Judge.

The plaintiff, a seaman, has sued the defendant for injuries incurred on one of its ships. He has brought the action under 28 U.S.C. § 1916 which provides:

"In all courts of the United States, seamen may institute and prosecute suits and appeals in their own names and for their own benefit for wages or salvage or the enforcement of laws enacted for their health or safety without

prepaying fees or costs or furnishing security therefor."

After due notice, counsel for defendant took the deposition of the plaintiff in his office. The attorney for the plaintiff demanded that the defendant pay the cost of the deposition and supply him with free copies of the transcript. The defendant has refused to pay such costs.

The plaintiff now petitions us to require the defendant to pay such costs and to furnish copies of any and all depositions taken in the case. He bases his motion, not on any power we might possess under the discovery rules, but on 28 U.S.C. § 1916.

The plaintiff argues that since a seaman may bring suit without prepaying fees or costs, the defendant must bear the normal costs incurred by the plaintiff in pre-trial discovery.

We have been unable to discover any legislative history bearing on this point. The statute itself was enacted by the 65th Congress in 1917 and again in 1918 as part of the sundry civil appropriation act for each year. Ch. 27 § 1, 40 Stat. 157 (1917); Ch. 113, § 1, 40 Stat. 683 (1918): See 28 U.S.C. § 837 (1940). It was also incorporated into the 1940 Judicial Code, 28 U.S.C. § 837 (1940). The present code contains the same provision although the phraseology has been altered slightly.[1]

The only cases that we have found that relate to the motion before us are the decisions of Walsh v. Marine Navigation Company, 34 F.R.D. 25 (S.D.N.Y.1963) and Nagle v. United States Lines Co., 242 F.Supp. 800 (E.D.Va.1965). In *Walsh*, the defendant had moved to require the plaintiff to pay the expenses, including attorney's fees, of defendant's attorney in attending the depositions of witnesses in Louisiana. The court was inclined to grant the motion but believed itself precluded because of 28 U.S.C. §

1. The statute prior to the 1948 Judicial Code read as follows: "Courts of the United States, including appellate courts, hereafter shall be open to seaman, without furnishing bonds or prepayment of or making deposit to secure fees or costs, for the purpose of entering and prosecuting suit or suits in their own name and for their own benefit for wages or salvage and to enforce laws for their health and safety."

1916. It declared that to grant the relief requested would be "to require the prepayment of 'fees and costs'" *Walsh, supra,* 34 F.R.D. at 26.

*Nagle, supra,* was a seaman's action instituted in the Eastern District of Virginia. There, the proctor for libellant moved to direct the payment of proctor's fees and/or expenses in connection with his attendance at a deposition to be taken by respondents in Savannah, Georgia. The basis of the motion was Admiralty Rule 30E(b) which was identical to Rule 30(b) of the Federal Rules of Civil Procedure. However, despite the language of *Walsh,* the court also stated that 28 U.S.C. § 1916 does not necessarily give "the seaman immunity or automatically permit * * * his counsel to collect a fee for attending a deposition." *Nagle, supra,* 242 F.Supp. at 801.

The original statute of 1917 was enacted prior to the extensive discovery rules of the federal courts. We do not think that Congress then intended the result that the plaintiff advocates here, and we find no indication that such a meaning was engrafted into the statute in the 1940 or 1948 Judicial Codes.

■ The purpose of the statute, it seems to us, is to relieve the plaintiff from prepayment of those fees and costs of suit, such as the initial filing fee and various Marshal's fees, that must be paid to the court.[2] We cannot believe that the statute gives the plaintiff an automatic right to avoid prepayment of any other costs that he may incur in preparing his case for trial.

The construction that the plaintiff places on 28 U.S.C. § 1916 would be extremely onerous to defendants. Not only would they have to pay their own pretrial costs but would be burdened with those of the plaintiff. Absent any clear indication of this surprising result in the statute, we shall not bestow our imprimatur upon it. See *Nagle, supra.*

Our decision here deals solely with the interpretation of 28 U.S.C. § 1916. We do not say that the plaintiff in a seaman's action may not be able to recover costs of depositions under Rule 30(b) of the Federal Rules of Civil Procedure when "justice requires to protect the party or witness from annoyance, embarrassment, or oppression."

■ In this case, we find no justification for invoking the provisions of this Rule. The plaintiff's deposition was taken in Philadelphia where he resides and where counsel for both sides are located.

### ORDER

And now, this 12th day of January 1967, it is hereby Ordered that the plaintiff's motion to compel the defendant to prepay all costs of this seaman's action, including the cost of depositions, to provide plaintiff's attorney with copies of any and all depositions taken in this matter, and to pay plaintiff's attorney's fees for wilful refusal to provide copy of depositions to plaintiff's attorney, be and the same is denied.

2. See *Adamowski v. Bard,* 193 F.2d 578 (3d Cir), cert. denied 343 U.S. 906, 72 S.Ct. 634, 96 L.Ed. 1324 (1952) which refused to require the Court Reporter to provide a seaman with a free transcript of the trial under 28 U.S.C. § 1916 due to a conflicting provision of the Court Reporter Act, 28 U.S.C. § 753(f).