**Murray H. ROBBINS, Plaintiff,**

v.

**Martin B. ABRAMS et al., Defendants.**

**No. 76 Civ. 2271 (HFW).**

United States District Court,
S. D. New York.

July 19, 1978.

Widett, Widett, Slater & Goldman, P. C., Boston, Mass., for plaintiff; Gerald Giller-'man, Boston, Mass., of counsel.

Holtzmann, Wise & Shepard, Shea, Gould, Climenko & Casey, New York City, for defendants; Robert H. Werbel and Arnold S. Jacobs, New York City, of counsel.

MEMORANDUM

WERKER, District Judge.

Plaintiff moves to reopen discovery, for specific orders in connection therewith, to vacate a stipulation entered into by the parties on February 16, 1978, and for sanctions against defendants Allen & Company, Inc. and Allen & Company (the "Allen defendants"). At the pre-trial conference of May 26, 1978 the parties vacated the stipulation on the record and the court indicated that a motion for sanctions against the Allen defendants would not be entertained until the conclusion of the action. At that time the court also ordered that discovery be reopened, and that the Allen defendants use best efforts to produce for depositions in the United States the mother-in-law of Joseph Sheehan along with the appropriate representatives from Bankhaus Schneider & Munzing ("Schneider & Munzing"), or alternatively that the defendants be responsible for the depositions of these individuals in Europe, wherever they may be found. Counsel for defendants requested an opportunity to submit memoranda on the last issue which is the subject of this decision.

The facts are well known to the parties and will not be repeated here. Plaintiff's specific request is:

> that defendants Allen & Company, Incorporated be ordered to produce at the office of plaintiff's counsel in Boston, Massachusetts for purposes of taking their deposition Joseph S. Sheehan's mother-in-law and Hasso Von Senden, of Bankhaus Schneider & Munzing, of Munich, Germany, or other representative of Bankhaus Schneider & Munzing familiar with the transaction that is the subject matter of this lawsuit, or in lieu thereof, that said defendants be ordered to pay the cost, including travel expenses and counsel fees, of the taking of the deposition of said persons wherever they may be found.

See defendants' mem. at 3.

It is plaintiff's position that a great deal of time, money and energy had needlessly been expended in the prosecution of this action due to the concealment of the true identity of the purchaser of plaintiff's secu-

rities. This concealment appears to have been effected by either misrepresentations or conscious avoidance of complete answers to questions posed during the March 30, 1977 deposition of Allen & Company through Joseph Sheehan, while he was employed as institutional salesman of Allen & Company and as vice president of Allen & Company, Inc. At that time Sheehan was asked whether in 1975 he had received any definite interest from anyone desiring to purchase Robbins' stock. He answered that he had, from Schneider & Munzing. Tr. 116. Subsequently, on June 21, 1978 Sheehan was presented with that former testimony, and then was asked the following question and gave the following answer:

Q: And the answer was the interest was from your mother-in-law's account at Schneider & Munzing?

A: I felt that it is none of anyone's business.

Tr. 247.

Information concerning Sheehan's mother-in-law's ownership of the relevant shares was first learned by plaintiff's counsel through a letter of May 9, 1978 from defendants' attorneys. It was this information that triggered the reopening of discovery procedures that had concluded in early 1978, more than a year after their commencement. During the disclosure stage, various depositions were taken and documents produced. However, since plaintiff was misled by Sheehan concerning his knowledge of true ownership of the stock, other depositions essential to the prosecution of this action were never obtained, and documents in Schneider & Munzing's possession were never produced. And undoubtedly unnecessary attorneys' fees and expenses were incurred by plaintiff in seeking discovery which might have been avoided had Sheehan, deposed as Allen & Company's representative, been forthright in March of 1977. Because of the difficulty, if not the impossibility, of calculating the amount of wasted funds attributable to this situation, plaintiff seeks the relief referred to above.

Defendants argue that case authority and Local Rule 5(a) provide that when a party desires to depose a witness at a location more than 100 miles from the courthouse, the court may order that party to pay the cost of attendance of opposing counsel at the deposition along with reasonable attorneys' fees incurred. Based upon this, defendants contend that it would contravene the rule to order defendants to pay the costs incurred by plaintiff, who seeks to depose Sheehan's mother-in-law and Schneider & Munzing. I disagree. Firstly, the application of Rule 5 to any particular case is not mandatory but within the discretion of the court. Note to Rule 5, Rules of the United States Courts in New York. Secondly, nothing in that rule prohibits this court from granting the relief sought through the exercise of inherent equitable powers in supervising discovery. Moreover, although it is correct that "the general rule requires that a party seeking to take a deposition must bear the expense associated with taking the deposition," *Haymes v. Smith*, 73 F.R.D. 572, 575 (W.D.N.Y.1976), the information received by plaintiff in May of this year has transformed the circumstances surrounding pretrial disclosure from the ordinary into the unusual. The general rules relied upon by defendants are hence inapplicable.

Another argument posed by defendants is that under Fed.R.Civ.P. 30(b)(6) a party may only be held responsible for producing at a deposition one of its "officers, directors, or managing agents or other persons who consent to testify on its behalf . . . ." Since neither Sheehan's mother-in-law nor Schneider-Munzing serves in any of these capacities, defendants argue that they should not be held responsible for securing their attendance at depositions. It is correct that the witnesses sought to be deposed do not fall within the categories enumerated in Rule 30. However, defendants know exactly where the witnesses may be found; additionally, the familial relationship involved here makes it appropriate for defendants to secure the presence of these witnesses.

Another contention, that granting of the requested relief would be premature,

must also be rejected. As noted above, incalculable sums of money have already been spent on tangential discovery matters that most likely would not have been investigated had Sheehan not diverted plaintiff from the truth in March of 1977. At this late date plaintiff will not be required to shoulder further expenses involved in deposing witnesses whose identity and degree of participation in the disputed sale of securities were deliberately concealed. Therefore I order the following:

1. That defendants be responsible for actually producing Sheehan's mother-in-law and the appropriate Schneider & Munzing representative at this courthouse (rather than in Boston, Massachusetts as requested), for depositions within sixty days from entry of this order.

2. Failing the above, defendants are ordered to absorb the reasonable counsel fees and costs incurred in transporting plaintiff's attorney to the locations in Europe where the witnesses are located. Those costs include stenographic and translation expenses, round trip coach airfare, ground transportation, meals, and lodging for whatever period of time is necessary to complete the depositions.

In accordance with the above, plaintiff's motion is granted.

SO ORDERED.