## SECURITIES AND EXCHANGE COMMISSION, Plaintiff,

v.

## AQUA–SONIC PRODUCTS CORP., Ultrasonic Dental Products, Inc., Leon Schekter, M. Joshua Aber, Martin Hecht, Dentasonic, N.V., Inventel Corporation and Melvin Hersch, Defendants.

No. 80 Civ. 5513 (RWS).

United States District Court, S. D. New York.

June 5, 1981.

Donald N. Malawsky, Regional Administrator, New York City, for Plaintiff; Margaret M. McQueeney, Ralph A. Siciliano, Elizabeth A. Barnes, LaBrena Jones, New York City, of counsel.

Shea & Gould, New York City, for defendants Aqua-Sonic Products Corp., Ultrasonic Dental Products, Inc. and Melvin Hersch; Sheldon D. Camhy, New York City, of counsel.

Litman, Friedman, Kaufman & Asche, New York City, for defendants Inventel Corp. and Martin E. Hecht; Richard M. Asche, New York City, of counsel.

Weil, Gotshal & Manges, New York City, for defendants Leon Schekter, M. Joshua Aber and Dentasonic, N.V.; Dennis J. Block, Nancy E. Barton, New York City, of counsel.

## OPINION

SWEET, District Judge.

Defendants jointly move to dismiss this securities fraud action brought by plaintiff Securities and Exchange Commission ("SEC") under the Securities Act of 1933 and the Securities Exchange Act of 1934 ("the securities laws"), 15 U.S.C. § 77a *et seq.*, and § 78a *et seq.*, on the ground that the court lacks subject matter jurisdiction. Fed.R.Civ.P. 12(b), 56. Additionally, defendants Leon Schekter, M. Joshua Aber, and Dentasonic N.V. have renewed their motion for a protective order with respect to certain depositions conducted by the SEC on the west coast in March of this year. Fed.R.Civ.P. 26(c); Local Civil Rule 5(a). For the reasons stated herein, both motions will be denied.

The complaint in this action alleges various violations of the securities laws by defendants in connection with the promotion and sale of territorial licenses to market certain high technology dental equipment known as Steri Products, coupled with an offer of a sales agency agreement. At issue on the jurisdictional motion is, simply, but significantly, whether the license arrangements promoted and sold by the defendants were "investment contracts" within the meaning of the securities laws, 15 U.S.C. §§ 77b(1), 78c(a)(10), thereby establishing the court's jurisdiction.

As enunciated by the Supreme Court in *SEC v. W. J. Howey Co.*, 328 U.S. 293, 298–99, 66 S.Ct. 1100, 1102–03, 90 L.Ed. 1244 (1946):

> [A]n investment contract for purposes of [the securities laws] means a contract, transaction or scheme whereby a person invests his money in a common enterprise and is led to expect profits solely from the efforts of the promoter or a third party . . . .

*See e.g. Williamson v. Tucker*, 632 F.2d 579 (5th Cir. 1980); *Glen-Arden Commodities, Inc. v. Costantino*, 493 F.2d 1027 (2d Cir. 1974); *Wieboldt v. Metz*, 355 F.Supp. 255 (S.D.N.Y.1973). The Supreme Court itself has since reaffirmed this test, and emphasized the need to apply it "in light of 'the substance—the economic realities of the transaction—rather than the names that may have been employed by the parties'" to determine whether there has been a sale of a security. *Int'l Brhd. of Teamsters v. Daniel*, 439 U.S. 551, 558 & n.11, 99 S.Ct. 790, 795 & n.11, 58 L.Ed.2d 808 (1979), *quoting United Housing Foundation, Inc. v. Forman*, 421 U.S. 837, 851–52, 95 S.Ct. 2051, 2060, 44 L.Ed.2d 621 (1975); *Tcherepnin v. Knight*, 389 U.S. 332, 336, 88 S.Ct. 548, 553, 19 L.Ed.2d 564 (1967).

■ The parties have ably briefed and argued their respective positions with the support of volumes of exhibits and a thorough analysis of the cases following *Howey*. Defendants are correct in asserting that the cases do not obviously support the categorization of the territorial licenses as investment contracts. However, I conclude that defendants have not carried their burden of demonstrating the absence of genuine issues of material fact, thus precluding the court's resolution of the question on the basis of the undisputed facts in the record. *See SEC v. Research Automation Corp.*, 585 F.2d 31, 33 (2d Cir. 1978); *Heyman v. Commerce & Industry Ins. Co.*, 524 F.2d 1317, 1319–20 (2d Cir. 1975).

Specifically, there is a sharp dispute concerning the "economic realities of the transaction." The documents representing the transactions are of course highly significant, but under *Howey* and its progeny economic reality, or feasibility, is a critical consideration with respect to which a factual dispute exists. Such disputed facts include the context and significance of alleged oral representations made in connection with the sale of licenses by defendants or those associated with them, the business and financial capacity of the purchasers and the feasibility of their marketing the products themselves without the aid of the sales agent, the reality of the new venture being undertaken and the rights of participation actually granted to purchasers. Although certain deposition evidence is before the court, the SEC seeks to introduce additional contested testimony particularly on the economic reality issue. Since all doubts on a motion such as this must be construed against the movant, *SEC v. Research Automation Corp.*, *supra*; *Heyman*, *supra*, at 1320, the motion must be denied. This determination, of course, in no way constitutes a prejudgment on the jurisdictional issue, which remains very much alive.

Defendants Schekter, Aber, and Dentasonic N.V. press in their renewed motion that under the holding of the Court of Appeals in *North Atlantic & Gulf S.S. Co. v. United States*, 209 F.2d 487, 489–90 (2d Cir. 1954), this court has the power to tax against the SEC the fees and expenses sought pursuant to Local Rule 5(a) in connection with discovery notwithstanding the combined dictate of pertinent statutes with respect to the award of "costs." 28 U.S.C. §§ 1920, 2412; 15 U.S.C. §§ 77v(a), 78aa;

329

Fed.R.Civ.P. 54(d). *See SEC v. Torr*, 22 F.Supp. 602, 611 (S.D.N.Y.1938).

█ Even if the movants are correct in this, *see Walsh v. Marine Navigation Co.*, 34 F.R.D. 25 (S.D.N.Y.1963); *but see SEC v. Independence Drilling Corp.*, 595 F.2d 1006 (5th Cir. 1979), I decline to award fees and expenses here. In the circumstances of this case, where the SEC took depositions of investers who, albeit located across the country, had been sought out originally by the defendants, the movants have not demonstrated "good cause," or annoyance, oppression, or undue burden. Fed.R.Civ.P. 26(c); Local Civil Rule 5(a) and Practice Comment thereto; *see Robbins v. Abrams*, 79 F.R.D. 600, 602 (S.D.N.Y.1978).

Therefore, both motions are denied.

IT IS SO ORDERED.