**John Whitney STILLMAN d/b/a Stillman International, Plaintiff,**

v.

**NICKEL ODEON, S.A., et al., Defendants.**

**No. 83 Civ. 7786 (LBS).**

United States District Court, S.D. New York.

July 17, 1984.

Rachlin & White, New York City (Thomas D. White, New York City, of counsel), for plaintiff.

Solin & Breindel P.C., New York City (Claude M. Tusk, New York City, of counsel), for defendants.

MEMORANDUM OPINION

SHARON E. GRUBIN, United States Magistrate:

Defendants Nickel Odeon, S.A., Jose Esteban Alenda, Jose Luis Garci, Simon/Reeves/Landsburg Productions, Inc. and Twentieth Century-Fox Entertainment, Inc. move for an order pursuant to Rule 15(a) of the Civil Rules of this court requiring plaintiff's payment of said defendants' counsel's fees, travel and accommodation expenses for the depositions noticed by plaintiff of Shapira Films, Ltd. ("Shapira") by its President, Dahlia Shapira, and of Lennart Bjork to be taken in Israel and

California, respectively. Local Rule 15(a) provides as follows:

> When a proposed deposition upon oral examination, including a deposition before action or pending appeal, is sought to be taken at a place more than one hundred (100) miles from the courthouse, the court may provide in the order or in any order entered under Rule 30(b), Federal Rules of Civil Procedure, that prior to the examination, the applicant pay the expense of the attendance including a reasonable counsel fee of one attorney for each adversary party at the place where the deposition is to be taken. The amounts so paid, unless otherwise directed by the court, shall be a taxable cost in the event that the applicant recovers costs of the action or proceeding.

Shapira is a co-defendant in this action, although she has never appeared, and Bjork is allegedly Shapira's agent. Dahlia Shapira resides in Israel and Bjork in California. It is alleged by plaintiff that the Shapira deposition was originally noticed to take place in New York, but Dahlia Shapira became ill and has been instructed by her physicians to make no transatlantic trips.

Initially, it should be noted that Rule 15(a) is discretionary in nature, providing that the court "may" allow the relief sought by defendants. Moreover, although defendants have cited three cases to support their request, each of those cases involved the deposition of a non-party witness rather than of a defendant and its agent.

In addition, although defendants rely upon the language in *Henderson v. Adame,* No. 81 Civ. 4591 (S.D.N.Y. September 24, 1982), to argue that "the courts in this district have consistently awarded expenses and counsel fees where depositions are noticed to be taken more than 100 miles from the courthouse," the four cases cited in *Henderson* to support this statement, as *Henderson* itself, involved circumstances quite different from those in this case. In *Robbins v. Abrams,* 79 F.R.D. 600 (S.D.N.Y.1978), plaintiffs sought the depositions of persons who the court found to be in de-

fendants' control. Judge Werker ordered that defendants produce the witnesses in this district or, in the alternative, pay *plaintiffs'* costs of taking the depositions where the witnesses were located. In *Worth v. Trans World Films, Inc.,* 11 F.R.D. 197 (S.D.N.Y.1951), plaintiff, who lived in Chicago but brought suit here, sought to have his *own* deposition, which had been noticed by defendant for this district, taken in Chicago and to have defendant pay the expenses of attendance of plaintiff's New York attorney. Judge Weinfeld understandably held that if the deposition were to be taken in Chicago, it was plaintiff who should pay defendant's expenses. The other cases cited in *Henderson* involved depositions of third-party witnesses. Moreover, in *Ignacio Ituarte v. United Car Transport Corp.,* No. 81 Civ. 4901 (S.D.N.Y. February 23, 1982), Judge Haight found the payment of expenses warranted under the circumstances of that case under the court's inherent equitable powers in supervising discovery.

In addition to the foregoing, a controlling reason in the court's mind for not requiring plaintiff to pay defendants' expenses at this time arises from the 1983 amendments to the Federal Rules of Civil Procedure which encourage the district courts to take a strong supervisory role in discovery and to consider innovative cost-shifting concepts. For example, the Advisory Committee note to Rule 26(b)(1)(iii) explains that among the considerations for the court are the limitations on a financially weak litigant to withstand extensive opposition to a discovery program. Although the instant situation may not be one that the drafters had in mind, the philosophy underlying the new rules can appropriately be applied. The court is not unmindful of the fact that the financial burden on individual plaintiff Stillman, were he to be required to pay defendants' expenses, could seriously thwart his ability to pursue his case actively. On the other hand, all five defendants who are seeking these expenses are represented by the same attorney, and each

would presumably have to pay only one-fifth of the cost.

I do not hold that a plaintiff who may be of more limited financial resources than a defendant should be entitled to shift the cost of the plaintiff's discovery onto the defendants. The parties should be aware that such is not this court's intention from previous decisions I have made in this case where such a theory has been argued by plaintiff. In the instant situation, given the fact that the depositions, which appear to be important to the issues in this case, are of a co-defendant and its agent and given the other facts discussed above, it is only reasonable that each party continue to bear its own costs at this time. This holding is consistent with all prior holdings I have made in this case, and no justification has been offered for departing from the general rule that each party bear its own costs of discovery pending the outcome of the litigation.

However, the provision of the last sentence of local Rule 15(a) is hereby ordered in its converse: in the event that defendants are successful in the outcome of this case, their counsel fees, travel and accommodation expenses for the Shapira and Bjork depositions shall be taxed against plaintiff.

So Ordered.