**Petition of William G. GREGORY for a Writ of Mandamus Against the Honorable Edward J. DIMOCK, Judge of the United States District Court for the Southern District of New York.**

**Docket 26772.**

United States Court of Appeals Second Circuit.

Motion Submitted Feb. 6, 1961.

Decided Feb. 23, 1961.

Edmund J. Murphy, Staten Island, N. Y., for plaintiff.

Galli, Terhune, Gibbons & Mulvehill, New York City, for Pan American World Airways, Inc., intervenor.

Before LUMBARD, Chief Judge, MADDEN, Judge, United States Court of Claims,* and WATERMAN, Circuit Judge.

PER CURIAM.

Plaintiff, William G. Gregory, an indigent seaman, commenced an action against Pan American World Airways, Inc., in the Southern District of New York on June 23, 1960. He set forth claims under the Merchant Marine Act, approved June 5, 1920, Section 33, commonly known as the Jones Act, 46 U.S.C.A. § 688, for unseaworthiness of defendant's vessel, for personal injuries sustained on that vessel, and for his maintenance and cure. Defendant timely filed a motion under the provisions of Rule 41 (d), Federal Rules of Civil Procedure, 28 U.S.C., to have this action stayed until such time as plaintiff should pay the defendant the costs awarded defendant in a previous action between the parties,

* Sitting by designation.

718 below is not an appealable order plaintiff brings this petition seeking to have us issue a writ of mandamus directed to the district judge ordering the vacation of the stay. We grant the petition and authorize the issuance of the requested writ.

involving the same claim, which was begun and later terminated by plaintiff's voluntary dismissal in the Eleventh Judicial Circuit Court for Dade County, Florida. This motion was granted. Inasmuch as the order below is not an appealable order plaintiff brings this petition seeking to have us issue a writ of mandamus directed to the district judge ordering the vacation of the stay. We grant the petition and authorize the issuance of the requested writ.

From the papers before us we learn that the plaintiff commenced his Florida action, an action that arose out of the same event as the claims contained in the present complaint, on February 21, 1956 in the Eleventh Judicial Circuit Court in and for Dade County, Florida. Defendants then promptly and improperly removed this Florida state court action to the United States District Court for the Southern District of Florida, and on April 13, 1956 that court remanded the case back to the state court where it originated. See Bartholomew v. Universal Tankships Co., 2 Cir., 1959, 263 F.2d 437, 446 note 12.

Shortly after remand to the Florida state court, the plaintiff obtained a default judgment against defendant because of its failure to file an answer in the state court. Thereafter a jury assessed plaintiff's damages at $50,000. The defendant then took an appeal to the Third District Court of Appeals of Florida, which court vacated the default judgment plaintiff had obtained and, on August 15, 1957, remanded the case back to the Eleventh Judicial Circuit Court. After a delay of eighteen months, on March 11, 1959, the plaintiff moved for a voluntary non-suit which was granted. Shortly thereafter that court granted defendant's motion to tax costs, and an order was entered awarding the defendant a judgment for costs in the sum of $1,368.-73, which judgment has never been paid, either in full or in part.

We have not been furnished with an itemization of these costs, but it would appear that any justification of them will demonstrate that they were enhanced because the defendant first erroneously removed the original case to the federal courts, and then, after remand, failed to answer the complaint in the state court.

Plaintiff-petitioner has resided since October 1956 at Sailors' Snug Harbor, Staten Island, New York, a charitable institution. He is 66 years of age and the stay order below effectively prevents an indigent seaman from obtaining access to the federal court to have the merits of his claims adjudicated, and this has been done despite the federal policy of permitting seamen with personal injury claims to sue without prepayment of fees or the furnishing of security for costs, 28 U.S. C. § 1916. We think that the court below in the exercise of a wise discretion should not have stayed the action pending payment of costs.

Mandamus is petitioner's appropriate remedy to obtain relief from this stay order. We have jurisdiction pursuant to 28 U.S.C. § 1651. The petition is granted; we direct the district court to expunge the stay order.