Werner **THIELEBEULE** et al., Appellants,

v.

**M/S NORDSEE PILOT**, Schiffarts, K.G., Defendants.

No. 389, Docket 71–2044.

United States Court of Appeals, Second Circuit.

Argued Nov. 16, 1971.

Decided Dec. 27, 1971.

Ned R. Phillips, New York City (Abraham E. Freedman, New York City, on the brief), for appellants.

Michael J. Pangia, United States Dept. of Justice (Whitney North Seymour, Jr., U. S. Atty. for the Southern District of New York, L. Patrick Gray III, Asst. Atty. Gen., Gilbert S. Fleischer, Dept. of Justice, on the brief), for appellee United States Marshal.

Before MOORE, HAYS and MULLIGAN, Circuit Judges.

HAYS, Circuit Judge:

Appellants, all foreign seamen, instituted an *in rem* action, pursuant to 46 U.S.C. § 604 (1970), for unpaid wages against the M/S Nordsee Pilot, a ship of German registry. The United States marshal, acting pursuant to a directive of the Department of Justice issued on August 11, 1971, refused to attach the vessel unless appellants prepaid approximately $2,000 representing the "costs" that would be incurred every ten days for safeguarding the ship while it was in his custody. These "costs" were primarily the expenses for watchmen and insurance, as well as other incidental expenses. The appellants prepaid the $2,000 and the marshal attached the vessel on October 20, 1971. On November 3 the appellants obtained an order directing the marshal to sell the ship, and the sale was scheduled for November 17. Prior to the sale, the marshal demanded that appellants prepay the additional watchmen, insurance, and other costs that had accrued or would accrue prior to the date of the sale. The marshal indicated that if these costs were not prepaid he would move for an order relieving him of responsibility for and custody of the ship. Appellants, lacking sufficient funds to pay the amount demanded, moved in the district court for an order to show cause requiring the marshal to return the payment already made by appellants and to cease and desist from requiring appellants to prepay any additional costs of the character described above. On November 5, the district court denied the motion, and the appellants moved for and were granted an expedited appeal to this court. Oral argument was heard on November 16, and this court issued an order requiring the marshal to maintain custody of the ship and not to demand further prepayment of costs pending either the decision of this court or the sale of the ship.

Appellants assert that 28 U.S.C. § 1916 (1970) specifically exempts seamen such as appellants from the duty to prepay costs. That section provides in relevant part:

> In all courts of the United States, seamen may institute and prosecute suits and appeals in their own names and for their own benefit for wages * * * *without prepaying fees or costs* or furnishing security therefor.
> (Emphasis added.)

However Section 1921 of title 28 provides that:

> Only the following fees of United States marshals shall be collected and taxed as costs, except as otherwise provided:
>
> .   .   .   .   .   .
>
> For the keeping of property attached (including boats, vessels, or other

property attached or libeled) actual expenses incurred, such as storage, moving, boat hire, or other special transportation, watchmen's or keeper' [sic] fees, insurance, and $3 per hour for each deputy marshal required for special services, such as guarding, inventorying, moving, and so forth. *The marshals shall collect, in advance, a deposit to cover the initial expenses for such services and periodically thereafter such amounts as may be necessary to pay such expenses until the litigation is concluded;* . . . (emphasis added).

■ The question presented by this appeal is whether the specific exemption for seamen from the prepayment of "fees and costs" of § 1916 includes those "expenses" that the marshal is required by § 1921 to collect in advance. The district court held that, as the § 1916 seamen's exemption was not mentioned in the advance payment provision of § 1921, the latter provision prevails over the former and that therefore the marshal could demand advance payment of expenses of the type referred to in § 1921. We disagree, and hold that § 1916 exempts seamen from having to prepay the "costs" or "expenses" at issue in this case.

■ The two provisions involved herein deal with the matters relating to the same subject matter, fees and costs, and should therefore be construed *in pari materia.* Estate of Sanford v. Commissioner of Internal Revenue, 308 U.S. 39, 60 S.Ct. 51, 84 L.Ed. 20 (1939). Section 1916 exempts seamen from prepaying "fees and costs"; § 1921 lists those "fees" which the marshal must collect and tax as "costs," and specifically provides that the section applies to admiralty and maritime actions. These "closely related provisions," id. at 42, 60 S.Ct. 51, must be construed together, and should be construed if possible so as to effectuate the legislative policies of both. A.P.W. Paper Co. v. FTC, 149 F.2d 424 (2d Cir. 1945), aff'd, 328 U.S. 193, 66 S.Ct. 932, 90 L.Ed. 1165 (1946). Even if the two provisions are deemed to conflict, it is an elementary rule of statutory construction that the "specific statutory provision must be considered to be controlling over a general one . . . .," United States v. City of Chester, 144 F.2d 415, 421 (3rd Cir. 1944).

We hold that the specific exemption of § 1916 for seamen from prepaying fees or costs prevents the marshal from requiring prepayment of or security for such "expenses" as watchmen's salaries and insurance premiums.

In Solomon v. Bruchhausen, 305 F.2d 941, 943 (2d Cir. 1962), cert. denied, Isbrandtsen Co. v. Maximo, 371 U.S. 951, 83 S.Ct. 506, 9 L.Ed.2d 499 (1963), this court said:

"This error led the court to contravene a fundamental facet of the broad Congressional policy favoring and facilitating seamen's wage claims suits. Congress has looked with great favor upon such actions; has regulated them in great detail; and has granted seamen preferential treatment over other litigants in admiralty. See Isbrandtsen Co. v. Johnson, supra, 343 U.S. 779, 72 S.Ct. 1011, 96 L.Ed. 1294; Warner v. Goltra, 293 U.S. 155, 55 S.Ct. 46, 79 L.Ed. 254; Robinson on Admiralty 285–286 (1939). Seamen's wages are protected even from legitimate claims of their employers or others. Wilder v. Inter-Island Steam Nav. Co., 211 U.S. 239, 29 S.Ct. 58, 53 L.Ed. 164. One of the advantages Congress has given seamen prosecuting wage claims is access to the federal courts free of all requirements to post security as a condition of suit. Normally a libelant need not post security of any kind to answer in damages, but he may be required to give security for costs. Admiralty Rule 24; Washington-Southern Nav. Co. v. Baltimore & Philadelphia Steamboat Co., 263 U.S. 629, 633, 44 S.Ct. 220, 68 L.Ed. 480. In order to free seamen of all financial preconditions to suit, Congress passed a statute relieving them of any requirement

even to provide security for fees and costs."

The courts, when dealing with the specific question of prepayment of costs or security in seamen's suits for wages, have been mindful of the congressional intent to facilitate seamen's actions and have interpreted the statute in light of its remedial purpose. See Gregory v. Dimock, 286 F.2d 717 (2d Cir. 1961). See also Washington-Southern Navigation Co. v. Baltimore & Philadelphia Steamboat Co., 263 U.S. 629, 44 S.Ct. 220, 68 L.Ed. 480 (1924).

The policy enunciated in § 1916 would be thwarted if § 1921 were construed to require a seaman to prepay the expenses referred to in the latter section. The "expenses" incurred by the marshal in this case amounted to approximately $2,000 every ten days. In order to assure that the security for their back wages was preserved prior to sale, appellants would have to prepay almost $6,000 under appellee's interpretation of §§ 1916 and 1921. A seaman who wishes to bring a libel for unpaid wages would normally have very little, if any, money, and what he did have would be needed for immediate living expenses. To interpret the "fees and costs" exemption of § 1916 as not including the "expenses" of § 1921 would, as a practical matter, subvert the congressional purpose of § 1916. Requiring a seaman to prepay these costs would inhibit, and, in most cases, effectively foreclose, the *prosecution* to judgment of meritorious libels for unpaid wages.

Although the record on this appeal is not clear, the administrative practice for many years apparently was for the marshal to advance the required sums and then to recoup them from the proceeds of the sale of the ship. This administrative practice, effective until August 1971, buttresses the interpretation of § 1916 that "fees and costs" includes disbursements normally made by the marshal to conserve and to protect the attached property in a proceeding such as this. See Norwegian Nitrogen Prods. Co. v. United States, 288 U.S. 294, 315, 53 S.Ct. 350, 77 L.Ed. 796 (1933).

In light of the congressional policy underlying provisions of the Judicial Code dealing with seamen's actions in general and § 1916 in particular, § 1916 must be read as exempting seamen from prepaying the "expenses" listed in § 1921.

Reversed.