**Anthony S. SETERA III, Plaintiff,**

v.

**F/V OLYMPIC, OFFICIAL NO. 516728; Dick Hayrynen; Kim Hanson; Hanson Enterprises, Inc. and Hayrynen Enterprises, Inc., Defendants.**

**No. C80–133B.**

United States District Court, W. D. Washington.

Feb. 19, 1980.

David A. Kohles, of Wolfstone, Panchot, Bloch & Kelley, M. Bayard Crutcher, of Bogle & Gates, Seattle, Wash., for plaintiff.

Philip A. Berns, U. S. Dept. of Justice, Civ. Div., Torts Branch, San Francisco, Cal., for United States Marshal.

## ORDER DENYING MOTION TO DIRECT MARSHAL TO EXECUTE PROCESS

BEEKS, Senior District Judge.

This is an admiralty action in rem and in personam for wages instituted by a crew member of a fishing vessel. According to the complaint, plaintiff served as engineer on F/V OLYMPIC, and now seeks base and bonus pay computed on a percentage of the vessel's catch, a method commonly called lay-share.

As provided in 28 U.S.C. § 1916, Clerk of this court did not require filing fees from plaintiff to commence the action. The U. S. Marshal has served process on one of the in personam defendants, but, relying on 28 U.S.C. § 1921, refused to arrest the vessel without prepayment of initial expenses such an arrest would entail.

Plaintiff now moves for an order directing the U. S. Marshal to execute process in rem, and, thus arrest the vessel without prepayment of expenses.

Only two circuit courts have ruled on this question and they are in direct conflict. The Second Circuit has held that § 1916 is a specific statutory exemption which is part of a policy of preference given to seamen's actions, and ordered the Marshal to arrest the vessel involved without prepayment of fees and costs. *Thielebeule v. M/S NORD-SEE PILOT*, 452 F.2d 1230 (2d Cir. 1971). The Fifth Circuit, however, refused to follow *Thielebeule*, and held that the later statutory enactment should be given primary consideration. *Araya v. McLelland*, 525 F.2d 1194 (5th Cir. 1976); *Souyoutzis v. M/V GEORGIOS K*, 525 F.2d 1197 (5th Cir. 1976); *accord, Cohn v. George*, 297 F.Supp. 527 (E.D.Ill.1968). The Fifth Circuit found that § 1921 was amended in 1962 to require prepayment of attachment costs, forty-six years after the seamen's exemption was created. The court, in *Araya*, relied on congressional intent, and the fact that the Marshal could not use public funds to ad-vance costs or bind the United States by incurring such costs.

The reasoning of the Fifth Circuit is the most persuasive. Based on the *Araya* opinion and the excellent memorandum prepared by the Attorney in Charge, West Coast Office, Torts Branch, Civil Division, Department of Justice, on behalf of the U. S. Marshal, I believe § 1921 controls and plaintiff must make the prepayment of expenses before the Marshal can execute process in rem.

Furthermore, I am not convinced that money due under a lay-share agreement constitutes "wages" or that crew members of fishing vessels so compensated are "seamen" within the meaning of § 1916. *Cf.* 46 U.S.C. §§ 596, 597, 599, 604.

Accordingly, plaintiff's motion is denied.