PUERTO RICO DRYDOCK AND
MARINE TERMINALS, INC.,
Plaintiff, Appellee,

v.

The MOTOR VESSEL LUISA DEL CAR-
IBE, in rem, her tackle, engines, etc.,
Defendant, Appellee,

Francisco Muniz Pose, Manuel Rodriguez
Allo, Fernando Gonzalez Bayolo, Vi-
cente Santiago Paz, Jose Villaverde
Fernandez, Jose Martinez Brion, Peti-
tioners, Intervening Plaintiffs-Appel-
lants.

No. 84–1244.

United States Court of Appeals,
First Circuit.

Heard Sept. 11, 1984.

Decided Oct. 15, 1984.

Harry A. Ezratty, San Juan, P.R. for
petitioners, intervening plaintiffs-appel-
lants.

Allen van Emmerik, Civ. Div., U.S. Dept.
of Justice, Washington, D.C., with whom
Richard K. Willard, Acting Asst. Atty.
Gen., and Daniel F. Lopez-Romo, U.S.
Atty., Hato Rey, P.R., were on brief, for
appellee, U.S. Marshal.

Before COFFIN, Circuit Judge, and
ALDRICH and SKELTON,* Senior Circuit
Judges.

BAILEY ALDRICH, Senior Circuit
Judge.

Appealing intervening plaintiffs, mem-
bers or former members, of the crew of the
M/V LUISA DEL CARIBE, a Panamanian
vessel, are proceeding against her, in rem,
for claimed unpaid wages. Under 28
U.S.C. § 1916 they are entitled to do so
"without prepaying fees or costs or fur-
nishing security therefor." Relying there-
upon, they refused the U.S. Marshal's re-
quest for advance payment of custodial and
insurance expenses which the Marshal de-
manded pursuant to 28 U.S.C. § 1921. The
marshal has no funds, or statutory source
of funds, and under the statute he is re-
quired to

> "collect, in advance, a deposit to cover
> the initial expenses for such services and
> periodically thereafter such amounts as
> may be necessary to pay such expenses
> until the litigation is concluded...." 28
> U.S.C. § 1921.

Having no one to collect from, except plain-
tiffs, he, accordingly, refused to act.
Plaintiffs sought an order compelling him
to proceed without prepayment, and, the
court refusing, they bring this interlocuto-
ry appeal pursuant to 28 U.S.C. § 1292(b).
We affirm.

Plaintiffs would hang their seamen's
caps on an alleged conflict between the
exemption in section 1916 and the prepay-

---

* Of the Federal Circuit, sitting by designation.

ment requirement in section 1921. While, concededly, the exemption applies only to "fees and costs," and the marshal's disbursements are described as "expenses," which they clearly are, plaintiffs point to section 1921's provision that these expenses are to be "taxed as costs." Hence, they say, section 1916, as the "specific," must prevail over section 1921, which is the "general." They further say that any doubts are to be resolved in their favor as seamen, as wards of the court.

We are not so clear as to which statute is the specific. Although plaintiffs are supported by the Second Circuit, *Thielebeule v. M/S NORDSEE PILOT*, 452 F.2d 1230, 1232 (2d Cir.1971), we note the contrary view expressed in *Araya v. McLelland*, 525 F.2d 1194, 1196 (5th Cir.1976). Nor can we think that, in addition to a cap, a seaman wears a cloak of total protection. But, in any event, we do not find a necessary conflict in the statutes. The most apparent references in section 1916 are to, usually minimal, court fees, the prepayment of which Congress is content to waive, and to those of defendants' ultimately recoverable costs against which defendants are normally entitled to be secured. The marshal's section 1921 out-of-pocket expenses are quite different. Even though a losing defendant may ultimately be charged therewith, who pays these very sizeable expenses if the defendant wins? By hypothesis, the indigent seaman cannot, or certainly may not, and Congress has not provided that the government will. We are reminded of the words of the old song, "Where, in the world, does the money come from? **" Although asked, plaintiffs do not answer; nor did the *Thielebeule* court.

Given this very different statutory concept, we do not construe the words "fees or costs" in section 1916 to include marshal's expenses in section 1921. However, we need pursue this no further, in light of the comprehensive opinion supporting the mar-

---

** "I'd like to ask it,
  Who fills the basket?
  The story books never tell."

shal's position in *Araya v. McLelland*, ante.

Affirmed.

*Little Red Ridinghood*
Author not recalled.