746 F.2d 93
 1985 A.M.C. 624
 PUERTO RICO DRYDOCK AND MARINE TERMINALS, INC., Plaintiff, Appellee,
v.
The MOTOR VESSEL LUISA DEL CARIBE, in rem, her tackle,
engines, etc., Defendant, Appellee,
Francisco Muniz Pose, Manuel Rodriguez Allo, Fernando
Gonzalez Bayolo, Vicente Santiago Paz, Jose
Villaverde Fernandez, Jose Martinez
Brion, Petitioners,
Intervening
Plaintiffs-Appellants.
 No. 84-1244.
 United States Court of Appeals,
First Circuit.
 Heard Sept. 11, 1984.
Decided Oct. 15, 1984.
 
 Harry A. Ezratty, San Juan, P.R. for petitioners, intervening plaintiffs-appellants.
 Allen van Emmerik, Civ. Div., U.S. Dept. of Justice, Washington, D.C., with whom Richard K. Willard, Acting Asst. Atty. Gen., and Daniel F. Lopez-Romo, U.S. Atty., Hato Rey, P.R., were on brief, for appellee, U.S. Marshal.
 Before COFFIN, Circuit Judge, and ALDRICH and SKELTON,* Senior Circuit Judges.
 BAILEY ALDRICH, Senior Circuit Judge.
 
 
 1
 Appealing intervening plaintiffs, members or former members, of the crew of the M/V LUISA DEL CARIBE, a Panamanian vessel, are proceeding against her, in rem, for claimed unpaid wages. Under 28 U.S.C. Sec. 1916 they are entitled to do so "without prepaying fees or costs or furnishing security therefor." Relying thereupon, they refused the U.S. Marshal's request for advance payment of custodial and insurance expenses which the Marshal demanded pursuant to 28 U.S.C. Sec. 1921. The marshal has no funds, or statutory source of funds, and under the statute he is required to
 
 
 2
 "collect, in advance, a deposit to cover the initial expenses for such services and periodically thereafter such amounts as may be necessary to pay such expenses until the litigation is concluded...." 28 U.S.C. Sec. 1921.
 
 
 3
 Having no one to collect from, except plaintiffs, he, accordingly, refused to act. Plaintiffs sought an order compelling him to proceed without prepayment, and, the court refusing, they bring this interlocutory appeal pursuant to 28 U.S.C. Sec. 1292(b). We affirm.
 
 
 4
 Plaintiffs would hang their seamen's caps on an alleged conflict between the exemption in section 1916 and the prepayment requirement in section 1921. While, concededly, the exemption applies only to "fees and costs," and the marshal's disbursements are described as "expenses," which they clearly are, plaintiffs point to section 1921's provision that these expenses are to be "taxed as costs." Hence, they say, section 1916, as the "specific," must prevail over section 1921, which is the "general." They further say that any doubts are to be resolved in their favor as seamen, as wards of the court.
 
 
 5
 We are not so clear as to which statute is the specific. Although plaintiffs are supported by the Second Circuit, Thielebeule v. M/S NORDSEE PILOT, 452 F.2d 1230, 1232 (2d Cir.1971), we note the contrary view expressed in Araya v. McLelland, 525 F.2d 1194, 1196 (5th Cir.1976). Nor can we think that, in addition to a cap, a seaman wears a cloak of total protection. But, in any event, we do not find a necessary conflict in the statutes. The most apparent references in section 1916 are to, usually minimal, court fees, the prepayment of which Congress is content to waive, and to those of defendants' ultimately recoverable costs against which defendants are normally entitled to be secured. The marshal's section 1921 out-of-pocket expenses are quite different. Even though a losing defendant may ultimately be charged therewith, who pays these very sizeable expenses if the defendant wins? By hypothesis, the indigent seaman cannot, or certainly may not, and Congress has not provided that the government will. We are reminded of the words of the old song, "Where, in the world, does the money come from?** " Although asked, plaintiffs do not answer; nor did the Thielebeule court.
 
 
 6
 Given this very different statutory concept, we do not construe the words "fees or costs" in section 1916 to include marshal's expenses in section 1921. However, we need pursue this no further, in light of the comprehensive opinion supporting the marshal's position in Araya v. McLelland, ante.
 
 
 7
 Affirmed.
 
 
 
 *
 Of the Federal Circuit, sitting by designation
 
 
 **
 "I'd like to ask it,
 Who fills the basket?
 The story books never tell."
 Little Red Ridinghood
 Author not recalled.