**Odilo REZA and Carmen Reza, Plaintiffs,**

v.

**CROWLEY TOWING AND TRANSPORTATION CO., Defendant.**

**Civ. No. 84–0968CC.**

United States District Court, D. Puerto Rico.

March 6, 1986.

---

Harry A. Ezratty, San Juan, P.R., for plaintiffs.

William A. Graffam, Jimenez, Graffam & Lausell, San Juan, P.R., for defendant.

### ORDER

CEREZO, District Judge.

Having considered the matter related to the costs of deposition and additional discovery caused by a late amendment of the complaint and pretrial order and plaintiff's claim that under 28 U.S.C. Section 1916 he is exempt from prepayment of costs, the court rules that it has the power to impose *sanctions* on plaintiffs, despite section 1916. The court's inherent power to control the cases before it, the new pretrial rule and the rules of discovery support the conclusion that sanctions may be imposed on plaintiff for violations to these rules, regardless of his seaman status.

In *Villanueva v. Gulf Oil Corp.*, 262 F.Supp. 492, 494 (E.D.Pa.1967), the court distinguished the costs referred to in section 1916 from costs and expenses generally incurred in the taking of pretrial depositions. It concluded that the seaman was not entitled to the cost of his own deposition. *Cf. Ebenhart v. Power*, 309 F.Supp.

660 (S.D.N.Y.1969) (in-forma pauperis plaintiff not entitled to costs of pretrial discovery and depositions in absence of showing of need). It should also be noted that section 1916 does not exempt a seaman from paying a victorious defendant the costs incurred in defending the suit. *Hugney v. Consolidated Coal Co.*, 59 F.R.D. 258 (W.D.Pa.1973). In addition, the First Circuit has held that the U.S. Marshal's fees for the custody of an arrested vessel are not within the costs contemplated by section 1916, despite the provision in 28 U.S.C. 1921 that Marshal fees are to be taxed as costs. *Puerto Rico Drydock v. Motor Vessel, etc.*, 746 F.2d 93 (1st Cir.1984). The court, per Aldrich, J., expressly rejected the expansive liberal interpretation afforded by the Second Circuit in *Thielebeule v. M/S Nordsee Pilot*, 452 F.2d 1230 (2d Cir.1971) that had included such fees within the 1916 exemption based on the remedial purpose of the statute to facilitate seamen's actions. Instead, it followed the Fifth Circuit's position in *Araya v. McLelland*, 525 F.2d 1194, 1196 (5th Cir.1976) where the court said:

Nor can we think that, in addition to a cap, a seaman wears a cloak of total protection.... The most apparent references in section 1916 are to, usually minimal, court fees, the prepayment of which Congress is content to waive, and to those of defendants' ultimately recoverable costs which defendants are normally entitled to be secured.

*P.R. Drydock* at 94. If some types of litigation expenses are not included in the section 1916 exclusion, it follows that sanctions for violation of the rules of civil procedure cannot be excluded, unless we interpret the statute as a "cloak of total protection" shielding seamen from the consequences of their litigation activities and superseding the court's powers to enforce the rules and manage its cases.

Plaintiffs' failure to inform the court, their attorney or defendant of the existence of the social security claim they had filed during the pendency of this case until they received a favorable ruling on it, consti-

tutes a deliberate violation of the rules of civil procedure. In *Matter of Sanction of Baker*, 744 F.2d 1438, 1440-42 (10th Cir. 1984) the court discussed the purposes behind new pretrial Rule 16 stating:

> While on the whole Rule 16 is concerned with the mechanics of pretrial scheduling and planning, its spirit, intent and purpose is clearly designed to be broadly remedial, allowing courts to actively manage the preparation of cases for trial.... there can be no doubt that subsection (f), added as part of the 1983 amendments to Rule 16, indicates the intent to give courts very broad discretion to use sanctions where necessary to insure not only that lawyers and parties refrain from contumacious behavior, already punishable under the various other rules and statutes, but that they fulfill their high duty to insure the expeditious and sound management of the preparation of cases for trial....
>
> ....
>
> ....
>
> ... the sanctions concept contained in subsection (f) is a codification of the purpose to insist that the court, the lawyers and the parties abandon habits which unreasonably delay and otherwise interfere with the expeditious management of trial preparation.

*Id.* at 1440-41. The belated disclosure by plaintiffs of the social security claim shall inevitably bring delay. The pretrial conference held on October 26, 1984 and the order approved will have to be amended substantially in view of the discovery and the additional evidence that the new claims will require, not to mention the possibility of additional delays if pretrial motions addressed to this new damage claim are filed. By withholding this information at the time of the pretrial conference from their attorney, not only were plaintiffs not adequately prepared for the conference since they had withheld important information, but they also failed to "participate in good faith" in the proceedings in violation of the rule. In addition, considering that plaintiffs had been asked through defendant's interrogatories to supply this type of information and failed to do so, their conduct can also be sanctioned pursuant to the provisions of Rule 37, F.R.Civ.P.

Having considered all of these circumstances, the Motion in Compliance with Order filed by defendant on October 2, 1985 and plaintiffs' response supported by memorandum of law dated October 18, 1985, the Court DENIES defendant's motion insofar as it requests that plaintiffs pay all additional discovery. Plaintiffs, however, shall pay defendant twenty days after notice of this order the sum of $1,200.00 for attorney's fees as an economic sanction for the delay and difficulties unjustifiedly caused by them.

SO ORDERED.